## Commonwealth *v.* Parsons, Appellant.

420

Submitted September 12, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Peter J. Webby,* for appellant.

*Joseph J. Van Jura,* Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 31, 1975:

Appellant, Arthur Garfield Parsons, was arrested on October 13, 1973, on a charge of receipt of stolen property (guns). Appellant pled not guilty and waived his right to trial by jury. Following the trial on February 14, 1974, he was found guilty of receiving stolen goods. On March 13, 1974, Mr. Parsons was sentenced to six to twenty-four

months in the Luzerne County Prison, plus costs. This appeal was filed on March 27, 1974.

Appellant raises two issues which, he contends, require that he be granted a new trial. They are (1) that the Commonwealth did not sustain its burden of proof on the charge of receiving stolen goods, and (2) that the trial judge committed an abuse of discretion in crediting the testimony of the Commonwealth's witnesses rather than that of appellant. We find no merit in either allegation and will affirm the judgment and sentence.

It is well established law in this Commonwealth that before a person may be convicted of a crime, the Commonwealth must establish that that person was the responsible party beyond a reasonable doubt. *Commonwealth v. Gardner*, 282 Pa. 458, 128 A. 87 (1925). A reasonable doubt is one that would cause a juror to hesitate to act in any of the important affairs of his own life, *Commonwealth v. Pearson*, 450 Pa. 467, 303 A.2d 481 (1973), and it must be an honest doubt arising out of the evidence itself. *Commonwealth v. Burns*, 409 Pa. 619, 187 A.2d 552 (1963).

In the instant case, appellant was charged with a violation of Section 817 of the Penal Code, Act of June 24, 1939, P. L. 872, §817; Act of May 21, 1943, P. L. 306, §1, 18 P.S. §4817. That section provides: "Whoever buys, has, or receives any goods, chattels, money or securities, or any other matter or thing, which shall have been stolen or feloniously taken, either in this Commonwealth or in any other state or country, knowing, or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony, and on conviction, shall be imprisoned not exceeding five (5) years or fined not exceeding one thousand dollars ($1,000), or both."

The Commonwealth, in order to sustain its burden of proof in this case, had to prove beyond a reasonable doubt that appellant knew or should have known

that the rifle and shotgun he received were stolen goods, that the goods were stolen in fact, and that appellant in fact received the goods. *Commonwealth v. Roth,* 169 Pa. Superior Ct. 88, 82 A.2d 710 (1951). Viewing the evidence in a light most favorable to the Commonwealth, as we must,· *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421· (1973) ; *Commonwealth v. Porter,* 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974), we are satisfied that the Commonwealth sustained its burden of proof.

At trial, the Commonwealth proved that the subject property, a 6 millimeter rifle with scope and a 410 over and under shotgun had been stolen from the Richard's Gun Shop in Benton on May 7, 1973. The rifle and scope were valued at approximately $150 and the shotgun at $83. It was agreed by the appellant and the Commonwealth that appellant purchased these guns from one Frank Powell for the total price of $65, a short time after the robbery. The exact date of the sale was hotly disputed by the testimony. Due to the unavailability of Frank Powell, who would have been called as a defense witness, the Commonwealth agreed to stipulate that had he been called, Mr. Powell would have testified that the sale took place on June 8, 1973. This date was disputed by Commonwealth witnesses, who testified that they had purchased the weapons *from appellant* in the last week of May, and, therefore, appellant had to have purchased them from Powell before June 8, 1973. All parties agreed, however, that the sale from Powell to appellant took place at the United Citizens' Club of Nanticoke, and that appellant, who had seen Powell on several occasions but was not well acquainted with him, asked for and received a bill of sale for the guns. The bill of sale, dated June 8, 1973, was stipulated at trial.

Further testimony indicated that appellant sold both weapons, which he had bought for $65, for a total price of $85, thereby realizing a $20 profit, a day or two after his purchase from Powell. The rifle scope was not in-

cluded in the sale, but appellant later gave it to the man who had purchased the rifle. The men who purchased the weapons testified that they had bought the guns from appellant in the latter part of May or during the first week of June of 1973.

The trial judge credited the testimony of the Commonwealth's witnesses as to the dates of their purchases, and we find no abuse of discretion therein. The trier of fact is entitled to believe all, or none, or any part of the testimony he hears, *Commonwealth v. Horn,* 395 Pa. 585, 150 A.2d 872 (1959), and it is his function to assess the credibility of witnesses and the weight to be accorded their testimony. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A.2d 114 (1972); *Commonwealth v. Hayes,* 205 Pa. Superior Ct. 338, 209 A.2d 38 (1965). Accepting, as did the lower court, the Commonwealth's evidence and the reasonable inferences to be drawn therefrom, *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1970), we find that the Commonwealth proved that the weapons had recently been stolen, and that appellant in fact received possession. The only question remaining, therefore, is whether the Commonwealth proved the likelihood that appellant had reasonable cause to know that the guns were stolen.

That proof of guilt may be established by circumstantial evidence is settled law in Pennsylvania. *Commonwealth v. Nasuti,* 385 Pa. 436, 123 A.2d 435 (1956). In a criminal prosecution, the evidence is sufficient to warrant a conviction where the circumstances proved are such as reasonably and naturally justify an inference of guilt, and are of such volume and quality as to overcome the presumption of innocence and satisfy the fact-finder of the accused's guilt beyond a reasonable doubt. *Commonwealth v. Lewis,* 190 Pa. Superior Ct. 591, 155 A.2d 410 (1959).

The evidence presented in the instant case justifies the conclusion that appellant knew or had reasonable

cause to know that the guns he purchased were stolen. He purchased them from a man whom he had seen but whom he did not know well, at a Citizens' Club, for a total price of $65. Despite the unusual circumstances of the sale, appellant did not question how the seller, Frank Powell, had obtained the weapons. Instead, appellant testified that he believed Mr. Powell's story that the guns were being sold because Powell was divorcing his wife. When asked on cross-examination: "Why would that mean that he would have to sell his guns?" appellant answered: "How should I know. He just said he was breaking up and he wanted to get rid of his guns so I bought them." [NT 23]

Appellant likewise did not question the low price he was asked to pay for the guns, although he testified that he has owned and sold many guns in the past. Appellant, therefore, had a basis on which to estimate the true value of the weapons. Appellant testified that after keeping possession "for a day or so" [NT 25] he resold the weapons. The evidence that the rifle and shotgun were worth twice what appellant paid for them may give rise to an inference of knowledge that the goods were stolen. *Commonwealth v. Cohan,* 177 Pa. Superior Ct. 532, 111 A.2d 182 (1955). In the instant case, the evidence of the low price of the guns, coupled with appellant's failure to inquire about the origin of the guns and his subsequent sale of the weapons shortly after he acquired them, was sufficient to indicate that appellant was aware that the rifle and shotgun were stolen items. As we noted in *Commonwealth v. Meyers,* 154 Pa. Superior Ct. 8, 34 A.2d 916 (1943), the Commonwealth need not demonstrate the utter impossibility of innocence in order to prove its case. It must only offer proof beyond a reasonable doubt that the accused had reason to know that the goods in his possession were stolen.

Judgment of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that insufficient evidence was introduced in the court below to sustain his conviction for receiving stolen property.[1]

On May 7, 1973, thirty-two weapons were stolen in a burglary of Richards' Gun Shop in Benton, Pennsylvania. Among the stolen goods were a six-millimeter Model 600 Remington rifle, a Lyman rifle scope, and a Savage 410 over and under shotgun.[2] At trial, appellant testified that he bought the shotgun and the rifle, equipped with the rifle scope, from one Frank Powell for a total of $65 on June 8, 1973, at the United Citizens' Club of Nanticoke. It was stipulated that if Powell had been present to testify, he would have testified to the same transaction, date, and price. (A purported receipt signed by Powell indicating the same transaction, date, and price was also introduced into evidence.) Ernest E. Laning testified that he bought the Remington rifle, equipped with the Lyman scope, from appellant in the Jim Mil Bar for $50 in cash ($40 down and $10 paid the next week). When asked about the date of the transaction, Laning stated, "Well, the actual date? The actual date, I can't tell you." He estimated that the transaction took place "in May, the last of May." Casimer Stempien testified that he bought the Savage shotgun from appellant for $35 in "the first part of June," although he couldn't remember whether or not it was the first week.

---

1. Act of June 24, 1939, P.L. 872, §817, as amended May 21, 1943, P.L. 306, §1, former 18 P.S. §4817; superseded by the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §3925, effective June 6, 1973. As this opinion indicates, there is a conflict of testimony as to whether the alleged crime occurred before or after the effective date of the new Crimes Code.

2. It appears that the shotgun was included only in an indictment charging theft by unlawful taking or disposition, and that the rifle and scope were included only in the indictment charging receiving stolen property.

Appellant testified that the sales to Laning and Stempien both took place on either June 9 or 10.

Appellant waived his right to trial by jury. On February 14, 1974, he was found guilty of receiving stolen property in the Court of Common Pleas of Luzerne County.[3] This appeal followed.

In a prosecution for receiving stolen property, the Commonwealth must prove beyond a reasonable doubt the three elements of the crime: (1) that certain goods were stolen; (2) that the defendant received some or all of the goods; and (3) that he received them knowing or having reason to know that the goods were stolen. *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971). Here, the Commonwealth has failed to prove beyond a reasonable doubt that appellant knew or had reason to know that the rifle and scope had been stolen.

In *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970)[4], the Pennsylvania Supreme Court held that possession of a stolen pistol nineteen days after its theft was insufficient evidence to support a conviction for receiving stolen property. The Court noted that "there is nothing whatever in the record touching upon how appellant originally came into possession of the stolen pistol, and the possibilities of innocent acquisition seem myriad: a gift, payment for services rendered, payment of a debt, purchase from a seemingly reputable dealer in used guns ... While [figures supplied by the National Commission on the Causes and Prevention of Violence] do not enable us to construct with any degree of accuracy the relative percentages of transfers of stolen and nonstolen guns, they nevertheless do indicate the probability that

---

3. A demurrer was sustained to the charge of theft by unlawful taking or disposition.

4. A plurality opinion was delivered by Justice ROBERTS; Justice EAGEN concurred in the result; Chief Justice BELL dissented in an opinion in which Justice COHEN joined; Justice POMEROY dissented without opinion.

substantial numbers of used guns are transferred in seemingly innocent circumstances." 441 Pa. at 324-325, 271 A. 2d at 233. See also *Commonwealth v. Henderson,* 451 Pa. 452, 304 A. 2d 154 (1973).

In *Owens,* therefore, our Supreme Court held that the mere possibility that the appellant might have acquired the stolen weapon in a seemingly innocent person-to-person transaction required that the appellant be discharged. The Majority, however, would hold that such a transaction is so "unusual" as to amount to positive evidence of guilty knowledge. The Majority states that three elements of this transaction are so irregular as to constitute proof beyond a reasonable doubt of appellant's guilty knowledge: (1) that appellant didn't know his dealer, Powell, very well, (2) that appellant bought the weapons for approximately a quarter of the value claimed in the indictments, and (3) that appellant resold the weapons within a few days for a $20 profit. First, appellant testified that he knew Powell "as an acquaintance", that he occasionally had "a half-dozen glasses of beer" with him in the Citizens' Club, and that he was at least casually acquainted with his wife. This was not a case of meeting a mysterious stranger in a bar. Nor was Powell's reported story that he had to sell his guns because he and his wife were separating so unusual as to put the appellant on notice that the guns were stolen.

Second, the indictments stated that the three stolen items were worth a total of $233. As no testimony was introduced as to the basis of this valuation, this high value, at most, an estimate or guess, might represent a list or retail price for new merchandise. Appellant, however, testified that when he took possession of the weapons "they wasn't beat up, but they wasn't brand new either . . . They were second hand." This fact, taken together with the fact that the sale was between acquaintances, if not close friends, could account for the discrepancy between the value claimed in the indictment

and the sales price reported by the appellant. This case is hardly comparable to *Commonwealth v. Cohan,* 177 Pa. Superior Ct. 532, 111 A.2d 182 (1955), where testimony indicated that a brooch sold to the defendant for $50 would have been "worth about $140 'at the dealer's price,—reselling it to a dealer,' " 177 Pa. Superior Ct. at 538, 111 A.2d at 185.[5] Moreover, in *Cohan,* the defendant had bought jewelry repeatedly from Smith, a "21 year old boy parolee" who purported to be a legitimate dealer's employee. When police apprehended Smith and a detective brought him to Cohan's place of business, Cohan denied knowing him until after Smith had displayed some of the stolen goods to the police. Our Court concluded that "[a]n answer adverse to the defendant to any one question alone [such as the valuation of the brooch] would not have been sufficient for the jury to find guilty knowledge, but *all the circumstances taken together* were sufficient for the jury to make the finding it did." 177 Pa. Superior Ct. at 542-543, 111 A.2d at 187. (Emphasis supplied.)

Finally, it does not appear that the fact that appellant made a $20 profit on the resale of the weapons for $85 would be sufficient to brand him as a knowing receiver of stolen goods. Nor is it consistent to argue that the $65 which appellant paid for the weapons was so low a price as to provide evidence of guilty knowledge, and then contend that the fact that he resold the weapons for a slightly higher price a few days later to the two witnesses indicates that he was involved in some sort of clandestine criminal transaction.[6]

---

5. Note also that jewelry is one of the few types of goods that does not usually depreciate in value with use and age.

6. Note that in *Owens,* supra, as in the instant case, the weapon was not found by the police in the possession of the appellant, but in the possession of a third party who testified that appellant had sold him the weapon. In *Owens,* the pistol had been sold for $20 in cash, with a balance of $10 due at an indefinite future time. 441 Pa. at 322, 271 A. 2d at 232.

As the Commonwealth did not prove beyond a reasonable doubt that appellant received the stolen weapons knowing or having reason to know that they were stolen, the judgment of sentence should be reversed and appellant ordered discharged.

SPAETH, J., joins in this dissenting opinion.