Commonwealth *v.* Carter, Appellant.

Argued April 14, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, with him *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:
This direct appeal raises a question of the right to speedy trial. The appellant, Robert Carter, after convic-

tion in 1972 on charges of armed robbery and receiving stolen goods, filed post-trial motions for New Trial and in Arrest of Judgment. After hearings on these motions, he was granted a new trial by an Order of the lower court dated January 15, 1974. He was not tried until May 15, 1974, when he was again convicted and sentenced. Relying upon Rule 1100 of the Pennsylvania Rules of Criminal Procedure, he now claims that he was not afforded a speedy trial. We are constrained to agree.

The record shows that the appellant was first scheduled for trial, pursuant to the January 15, 1974 Order, on February 20, 1974. The case was postponed upon the motion of the Commonwealth, due to the unavailability of the chief Commonwealth witness, a police officer. On April 15, 1974, appellant filed an Application to Quash the indictment on grounds that Rule 1100 (e) of the Pennsylvania Rules of Criminal Procedure had been violated.[1] Rule of Criminal Procedure 1100 (19 P.S. Appendix) was adopted June 8, 1973, pursuant to the decision in *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). Until its amendment on December 9, 1974, Section (e) of that Rule provided that:

> "A new trial shall commence within a period of ninety (90)[2] days after the entry of an order by the trial court or an appellate court granting a new trial."

The April 15, 1974 Application to Quash was denied. Although trial was scheduled for April 16, 1974, it was

---

1. The proper procedure to object to the length of delay in being brought to trial is an application to dismiss the charges with prejudice. See Pa. R. Crim. P. 1100 (f). We will consider the motion to quash as an application to dismiss. Cf., *Commonwealth v. Roundtree,* 458 Pa. 351, 326 A.2d 285, 287 (1974).

2. On December 9, 1974, this Section was amended so as to require that new trial commence within a period of one hundred and twenty (120) days after the entry of an order. The prior rule must be held applicable to the instant case, where new trial was ordered on January 15, 1974.

again postponed upon the motion of the Commonwealth, based upon the absence of the chief prosecution witness. On May 15, 1974, trial finally commenced and appellant was convicted. In post-trial motions, prior to this appeal, he again argued that the timing of his trial violated Rule 1100 (e) and his right to a speedy trial.

It is pertinent of course that there is no evidence in the record to indicate that appellant joined in requests for continuances or acquiesced in or contributed to the delays which occurred. See *Commonwealth v. Hamilton, supra.* Also, it is clear that the appellant need not show prejudice from the delay to support his claims in the instant case. cf. *Commonwealth v. Pearson,* 230 Pa. Superior Ct. 304, 327 A.2d 167 (1974). In these regards, we must reject the Commonwealth's arguments based on authorities such as *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974), and *Commonwealth v. Williams,* 457 Pa. 502, 327 A.2d 15 (1974).

In light of the clear violation of the then existing time limitations set forth in Rule 1100 (e) and the absence of excusing circumstances such as delays sought by the defendant, or application by the Commonwealth for extension of time for trial, we have no choice but to reverse the judgment of sentence and dismiss the indictment. See *Barker v. Wingo,* 407 U.S. 514, 522, 92 S. Ct. 2182, 2188, 33 L. Ed. 2d 101, 112 (1972).

Judgment of sentence reversed. The charges are dismissed with prejudice and the appellant is discharged from said charges.

JACOBS, J., concurs in the result.