368 A.2d 742

**COMMONWEALTH of Pennsylvania**

v.

**John SHANNON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 15, 1976.

William H. Platt, Public Defender, Allentown, for appellant.

Lynn H. Cole, Asst. Dist. Atty., and George J. Joseph, Dist. Atty., Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

**324** 

PER CURIAM:

Appellant was charged with conspiracy to commit burglary, attempt to commit burglary on January 24, 1973 and other offenses. He was found guilty of conspiracy to commit criminal trespass and attempt to commit criminal trespass as well as other offenses which will be discussed later in this opinion.

The appellant rang the doorbell of a home while standing at the kitchen door. This occurred at about noon on January 24, 1974. The lady of the house heard the bell but did not open the door although she observed the appellant through a window. The appellant then walked away from the house and shortly thereafter returned and rang the doorbell again. The doorbell again went unanswered, but the occupant of the house observed one of two locks on the kitchen door moving and noticed that the kitchen door was opened about a quarter of an inch and only the safety lock prevented the door from being opened all the way. Appellant was again observed at the kitchen door. The occupant knocked at the kitchen window and the appellant "froze" and dropped a metallic object. The homeowner then telephoned the police and when she again looked out the window the appellant and metal object were no longer there.

When the police arrived, the woman described the appellant and a description was given over the police radio. Other police joined in the search and the appellant's description was given to some construction workers engaged in building townhouses in the vicinity. Shortly thereafter, some of the workmen observed the appellant and another man. The appellant was going from door to door in the townhouses looking in the windows and attempting to open the doors. The other man stood between the buildings while the appellant tried the doors and then moved to the next building when the appellant tried to open the doors on that building. The police were notified and when they arrived at the scene, the appel-

lant was frisked. He was found in possession of a screwdriver, a pair of cutting pliers, a pair of surgical gloves and black gloves, and a ring containing several keys.

At trial the appellant admitted he and his accomplice were attempting to get into the townhouses but contended that they only wanted to look around, although they were not interested in renting any of the properties.

■ The indictment in this case stated that the alleged offenses occurred on January 24, 1973 when in fact they occurred on January 24, 1974. The dates are significant as the appellant was found guilty of violating the Crimes Code which was not in effect on January 24, 1973. However, it appears that the incorrect date on the indictment was a typographical error which did not in any way prejudice the appellant, nor did he object to the erroneous date in the indictment until after trial. Pa.R. Crim.P. 220 permits the court to amend the indictment to correct the date charged "provided the indictment as amended does not charge an additional or different offense." The Court corrected the date after the trial was over, and this merely conformed the indictment to the proof which may properly be accomplished after verdict if the defendant is not prejudiced thereby. *Commonwealth v. Syren*, 150 Pa.Super. 32, 27 A.2d 504 (1942).

There is nothing to suggest that in this case the appellant was misled by the indictment. The testimony establishes the date of the offenses as January 24, 1974, and at trial appellant admitted that he was present at the scene of the alleged offense on that date although he contended that he had no criminal intent. It is also significant that the day and month were correct in the indictment, which was erroneous only as to the year.

■ Next, appellant contends he could not be convicted of conspiracy to commit criminal trespass and attempt to commit criminal trespass as he was indicted for con-

**326**

spiracy to commit burglary and attempt to commit burglary. The crime of criminal trespass is a lesser included offense of the crime of burglary. *Commonwealth v. Carter,* 236 Pa.Super. 376, 380–381, 344 A.2d 648 (1975). Appellant does not cite any authority to support his contention that he cannot be convicted of conspiracy and attempt to commit a lesser included offense of the crime with which he is indicted, nor are we persuaded by his reasoning. We are convinced that the evidence is sufficient to sustain a conviction of attempt to commit burglary and conspiracy to commit burglary, and appellant was therefore properly convicted of conspiracy to commit criminal trespass and attempt to commit criminal trespass.

The issue of ineffective assistance of counsel has also been raised on appeal. Appellant contends that trial counsel was ineffective for failing to raise an objection concerning the incorrect date in the indictment and alleged incorrect charge to the jury on conspiracy and attempted criminal trespass. It appears that defense counsel in the court below raised the issue concerning the incorrect date on the indictment as the lower court discussed this question in its opinion and found that it lacked merit.

Trial counsel did not object to the charge when the court charged on the possibility of returning a verdict of guilty of conspiracy to commit a criminal trespass. The charge was not erroneous and failure to object did not constitute ineffective assistance of counsel.

Finally, appellant objects to the sufficiency of the evidence in his conviction of attempted burglary and possession of instruments of crime. It is basic that an appellate court must view the evidence in a light most favorable to the Commonwealth where a defendant appeals from a conviction of crime. *Commonwealth v. Parsons,* 233 Pa.Super. 419, 335 A.2d 800 (1975). Appellant's

contention that the evidence only established a suspicion of attempted burglary is not supported by the facts. Appellant tried to open a kitchen door and was only prevented from doing so by a safety lock, and this after he rang the doorbell to see if anyone was at home. The appellant was also found in possession of tools that traditionally have been used by burglars such as a screwdriver, cutting pliers and surgical gloves. We have no doubt that in the circumstances of this case, the jury properly found beyond a reasonable doubt that the defendant was guilty of an attempted burglary and possession of instruments of crime.

Judgment of sentence affirmed.

HOFFMAN and SPAETH, JJ., dissent for the reasons set forth in *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 648 (1975), (Hoffman, J., dissenting opinion).