389 A.2d 604

**COMMONWEALTH of Pennsylvania**

v.

**Nicholas P. GENDRACHI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

---

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the Commonwealth failed to produce sufficient evidence to establish his guilt beyond a reasonable doubt.[1] We agree and vacate the judgment of sentence and, therefore, order appellant discharged.

On May 27, 1976, a Philadelphia police officer arrested appellant and charged him with possession of an instrument of crime.[2] On January 26, 1977, a non-jury trial commenced in the Philadelphia County Court of Common Pleas. The Commonwealth produced police officer Clark as its sole witness. He testified that at about 5:20 a. m., on May 27, 1976, he was on routine car patrol in center city Philadelphia. At 1701 Delancey Street, he observed appellant "up against the door". The door at 1701 is up a few steps from street level and is recessed in a foyer. The officer could not say with certainty where appellant's hands were while he was at the door. The officer stopped to investigate; he called to appellant and asked what he was doing. Appellant replied that he was urinating. Officer Clark frisked appel-

---

1. Appellant also challenges the denial of his motion to suppress. He argues that the police officer had no reasonable suspicion that criminal activity was afoot nor did he have any reasonable basis for a belief that appellant was armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellant further contends that the trial court's opinion does not comply with Pa.R. A.P. 1925(a) because it does not include findings of fact or conclusions of law on the suppression motion. Because of our disposition, we need not address these issues.

2. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 907.

lant and, in appellant's jacket pocket, he discovered a hard object. He removed a flashlight, a tube, and lockpicks from the pocket. The officer placed appellant under arrest.

Counsel stipulated that if a representative of the law firm located at 1701 Delancey Street were to testify, he would state that appellant did not have permission to enter the premises at that time. Further, they stipulated that the flashlight was operable at the time the officer seized it.

After the denial of appellant's demurrer, he took the stand. Appellant stated that in the early morning hours of May 27, 1976, he arose, dressed in his white work uniform, and left his home at 1220 Spruce Street to take a walk.[3] At 1701 Delancey Street, he stopped to urinate but, upon seeing the police officer, decided against it. Appellant admitted having the flashlight, tube, and lockpicks in his pocket on May 27, 1976. However, he explained his possession by informing the court that he is a certified self-employed locksmith and that the items are locksmith tools. Appellant produced a certification card, the court indicated that it believed appellant to be a locksmith. Counsel stipulated that if a Mr. Borman and a Mr. Mayberry testified, they would state that appellant performed locksmith work for them. The court found appellant guilty as charged. Appellant made oral, on-the-record post-verdict motions which the court denied. The court sentenced appellant to two years' probation to run consecutively to an unrelated probation term appellant was then serving. This appeal followed.

Appellant challenges the sufficiency of the evidence to convict him of possessing an instrument of crime.[4] Specifically, he contends that the Commonwealth failed to

3. 1220 Spruce Street is approximately 5½ blocks from 1701 Delancey Street.

4. Appellant raises two additional sufficiency challenges. First, he contends that the trial court used an incorrect standard in determining his guilt or innocence. He argues that the court used a standard of guilt by suspicion. In his second claim he alleges that the court erred in referring to evidence not on the record. Appellant refers to the following statements by the court to support his contention.

present any proof that he had the intent to employ the tools criminally. In reviewing a claim of insufficient evidence, we must view the evidence in the light most favorable to the Commonwealth and draw all reasonable inferences in favor of the Commonwealth. *Commonwealth v. Sanabria,* 478 Pa. 22, 385 A.2d 1292 (1978). A verdict of guilt must not be based upon surmise or conjecture. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). The offense of possessing an instrument of crime is defined by the Code as follows:

"(a) A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally. . . .

These statements were made at sentencing, immediately following trial.

"THE COURT: Mr. Gendrachi, I was almost convinced before I looked at your record. Now I know I made the proper decision. . . .

"THE COURT: Then after that again possession instrument of crime, which, I take it, were burglary tools, probation five years.

"[The Public Defender]: That is this case, the MC appeal, Your Honor. It's the same case.

"[The District Attorney]: That is correct.

"THE COURT: That is awfully suspicious, would you agree with me?

"THE DEFENDANT: No, Your Honor. . . .

"THE COURT: I am satisfied that you are an expert in opening doors, and that's what bothers me."

This case presents a factual situation almost identical to *Commonwealth v. Oglesby,* 438 Pa. 91, 263 A.2d 419 (1970). In *Oglesby,* police arrested a barber who was carrying a straight razor in his pocket and charged him with carrying a concealed deadly weapon. The Penal Code, Act of June 24, 1939, P.L. 872, as amended; 18 P.S. § 4416(a). At the conclusion of a non-jury trial, the court expressed doubt about appellant's guilt, but did adjudge him guilty. Immediately thereafter, the court discovered that appellant had a prior criminal record; the court stated that its uncertainty was eliminated by seeing appellant's record. The Supreme Court reversed and remanded for a new trial because the court had doubts about appellant's guilt which were only dispelled by referring to inadmissible evidence; appellant's prior criminal record. Thus, the trier of fact was not convinced of appellant's guilt beyond a reasonable doubt.

In the instant case, we believe that the trial court's comments were indicative of its serious doubt about appellant's guilt. Only by referring to appellant's prior record was the court convinced of guilt. Under *Oglesby,* supra, this was clearly improper.

"(c) As used in this section the following words and phrases shall have the meanings given to them in this subsection: 'Instrument of crime.'

(1) Anything specially made or specially adapted for criminal use; or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

In interpreting this section, our Supreme Court has opined:

"It is clear from this statutory language that two requirements must be met before one can be convicted under this section: (1) possession of criminal instruments by the defendant; and (2) an intent to use the tools for some criminal purpose. *Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976). The Crimes Code provision is simply a recodification in general terms of the former crime of possessing burglary tools, defined in some detail by the Penal Code of 1939. See *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). Thus as appellant correctly asserts, intent to use the instruments in a criminal manner is an independent element of the offense which the Commonwealth must prove. As in any criminal offense, however, intent need not be directly proved, but may be inferred from the circumstances surrounding the incident out of which the charges arise." (footnote omitted). *Commonwealth v. Hardick*, 475 Pa. 475, 478, 380 A.2d 1235, 1237 (1977). Moreover, proof of intent to employ the item criminally requires more than mere possession. *Commonwealth v. Moore*, 476 Pa. 19, 381 A.2d 845 (1978); *Commonwealth v. Hardick*, supra. In order to determine whether appellant intended to use the tools in criminal activity, we must look to the facts and circumstances surrounding the possession and seizure. *Commonwealth v. Hardick*, supra; *Commonwealth v. McHarris*, 246 Pa.Super. 488, 371 A.2d 941 (1977); see also *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975).

In the instant case, the Commonwealth produced testimony establishing appellant's presence in a doorway at

5 a. m. with lockpicks and a flashlight in his pocket. There is no evidence that appellant's hands were on the door or that he made an attempt to extract the tools from his pocket and apply them to the door. In fact, there is no act or statement by appellant that would lead one to infer that he intended to use the tools at that time. Additionally, appellant did not try to flee when the officer approached nor did he give an evasive or incorrect answer to the officer. Moreover, appellant is a certified locksmith and it is not unreasonable to find the tools of his trade in his pocket, especially when he is wearing his work attire. In conclusion, we find no evidence to support a finding of criminal intent.[5] Consequently, we vacate the judgment of sentence and order appellant discharged.

CERCONE and PRICE, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**5.** The Commonwealth cannot contend that the lockpicks or flashlight were weapons so as to convict appellant under § 907(b). The definitional section of § 907 states that a weapon is "readily capable of lethal use." Clearly, the items in question were not readily capable of such use.