441 A.2d 750

**COMMONWEALTH of Pennsylvania,**

v.

**Hans VON ACZEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1981.

Filed Sept. 18, 1981.

Commonwealth's Petition for Limited Reconsideration Denied March 16, 1982.

Robert Rubin, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

POPOVICH, Judge:

After a non-jury trial held on February 27, 1979, the appellant was found guilty of attempted burglary and possession of an instrument of crime.  On the same day, sentence, which consisted of three (3) years probation for the former offense and a concurrent two (2) years probation for the latter, was imposed.  On appeal, appellant questions (1) the sufficiency of the evidence, (2) trial counsel's effectiveness, and (3) the legality of the sentence.  We affirm in part; and, because we agree that the sentence imposed was illegal, we vacate judgment as to the possession charge.

■■■■ Before reaching the merits of appellant's claims, we need to determine the scope of review to be given this case. Initially, we note that trial counsel dispensed with the filing of written post-trial motions and orally argued the insufficiency of the evidence.[1]  More particularly, of the three issues raised on appeal, only the sufficiency question was passed

1. With the appellant's consent (N.T. 34), counsel from the public defender's office opted to argue orally the insufficiency issue at the close of trial—this was enough to preserve this point for review. *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977). However, neither counsel nor judge advised appellant *on the record*

upon by the post-verdict motions court. The second and third issues were not raised in the post-verdict proceedings[2] and not considered by the post-verdict motions court. Nonetheless, we find that said issues are cognizable on appeal. The reason is, as for the effectiveness of counsel issue, inasmuch as it is unrealistic to expect trial counsel to argue his own ineffectiveness, *see Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Cooke*, 288 Pa.Super. 205, 431 A.2d 360 (1981); *Commonwealth v. Jennings*, 285 Pa.Super. 295, 427 A.2d 231 (1981), and this being the first occasion in which the appellant is represented by counsel other than whose stewardship is being challenged, we cannot fault him for failing to raise the issue sooner. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Cooke, supra; Commonwealth v. Jennings, supra.* As to the propriety of inquiring into the validity of the sentence, the same result obtains since a question as to the legality of the sentence is never waived, despite the fact that it was not raised in the court below. *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Paige*, 287 Pa.Super. 133, 429 A.2d 1135 (1981); *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1980).

that only those grounds presented in such motion could be raised on appeal. Pa.R.Crim.P. 1123(b) & (c)(3). Thus, we cannot say that appellant knowingly and voluntarily waived all but the sufficiency of evidence claim. *See Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980). This ruling also undermines the Commonwealth's contention that the legality of sentence question is waived because it was not raised in post-verdict motions. (Commonwealth's Brief at 9) *See Commonwealth v. Jackson*, 280 Pa.Super. 522, 525 n. 4, 421 A.2d 845, 846 n. 4 (1980); *Commonwealth v. Turner*, 265 Pa.Super. 486, 488–89, 402 A.2d 542, 543–44 (1979); *see also Commonwealth v. Anderson*, Pa.Super., n.5, (J. 1/81, filed 8/7/81).

2. We note that trial counsel objected, but to no avail, to the legality of sentencing appellant on both offenses (N.T. 31), and cited *Commonwealth v. Crocker*, 256 Pa.Super. 63, 389 A.2d 601 (1978) (18 Pa.C.S.A. § 906 explicitly barred appellant's conviction and sentencing for both criminal attempt and possession of an instrument of crime) in support of his position. Nevertheless, the lower court still imposed a sentence for two inchoate crimes in direct violation of 18 Pa.C.S.A. § 906.

■ Turning now to the merits of appellant's claims, we start with the sufficiency of the evidence argument. In evaluating such contention, we must view the facts in a light most favorable to the verdict winner, giving such party the benefit of all reasonable inferences arising therefrom. Then, we ask whether the evidence and the reasonable inferences arising from it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Herman*, 271 Pa.Super. 145, 412 A.2d 617 (1979). Guilt does not have to be established to a mathematical certainty, *Commonwealth v. Lewis*, 276 Pa.Super. 451, 419 A.2d 544 (1980); however, mere conjecture or surmise is not enough either. *Id.; Commonwealth v. Lovette*, 271 Pa.Super. 250, 413 A.2d 390 (1979).

Examined in light of these principles, the record reveals the following: On August 31, 1978, at approximately 2:00 a. m., Officer Raymond Spraggins of the Philadelphia Police Department received a radio call of a "burglary in progress" at 20th and Walnut Streets in Philadelphia, Pennsylvania. The officer proceeded to 2003 Walnut Street, where he observed the appellant standing a foot from the door of a pet shop. Officer Spraggins walked up behind the appellant, looked over his shoulder and observed him "hunched over the lock, with a screwdriver, prying at the lock on the door." (N.T. 10) The officer also noticed that a large plate glass window had been broken. The officer removed the screwdriver from appellant's hand and asked him what he was doing. According to the officer, appellant answered that "he was waiting for a bus." (N.T. 11) Further, upon closer examination of the entrance, the officer detected that there "was fresh damage to the window of the door" and "marks around the lock and on the door." (N.T. 12)

At trial, the parties stipulated that if Ms. Peggy Chambers, an owner of the store, were to testify she would have stated that "she did not give [appellant] permission to attempt to enter the store or break the window, and that her partner ... did not either." (N.T. 8) Appellant, after

taking the stand, remarked that on the evening in question he was walking home and sought shelter from the rain in the alcove of the pet shop; when the rain let up, he proceeded on his way. However, upon traveling but a short distance, he "heard a big crash," returned to the store and noticed that the window had been broken. Before he had a chance to contact the authorities, Officer Spraggins arrived on the scene. Appellant also admitted having the screwdriver in his possession, but denied using it in an attempt to pry open the door to the establishment.

Given the disparity in the accountings of the witnesses, it was for the trier of fact to decide which version was credible. *Commonwealth v. Borris*, 247 Pa.Super. 260, 372 A.2d 451 (1977). It being within the province of the trier of fact to believe all, part or none of the evidence presented, and to draw all reasonable inferences therefrom, *Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981), it is obvious that the trial judge, as the arbiter of fact here, believed the Commonwealth's witness. In fact, he stated that "after observing the demeanor of the witnesses during the trial, [he] found the testimony of Officer Spraggins to be most credible, while that of Aczel was just not believable." (Trial Court Opinion at 2) The Court finds no reason to alter the ruling on this point.

■ Under the Pennsylvania Crimes Code, "[a] person is guilty of burglary if he enters a building ... with the intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S.A. § 3502(a). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." *Id.* at § 901(a). In charging attempted burglary, the Commonwealth was not required to specify in the indictment what crime the accused allegedly intended to commit. *Commonwealth v. Thompson*, 274 Pa. Super. 44, 417 A.2d 1243 (1979). However, since the Commonwealth did specify such crime, i. e., theft, it was required to prove the requisite intent for that crime. *Commonwealth*

*v. Lewis, supra.* Thus, proof of two distinct intents was necessary: the intent to enter the building and the intent to commit theft after entering. *Commonwealth v. Morgan,* 265 Pa.Super. 225, 401 A.2d 1182 (1979).

Appellant submits that because "there was no entry and nothing was taken, although the broken window would have permitted entry," the Commonwealth failed to establish the intent to commit a theft, and points to *Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973) in support of such averment. (Appellant's Brief at 15) We cannot agree.

Initially, it is to be noted that "[p]roof of intent is often difficult," and the means by which such element is to be established depends upon the facts of a given case. *Commonwealth v. Willetts,* 277 Pa.Super. 538, 419 A.2d 1280 (1980). As for the relevancy of *Commonwealth v. Stanley, supra,* to the case at bar, we find appellant's reliance thereon to be misplaced. To explicate, in *Stanley,* a police officer received information to proceed to a particular address. When he was approximately 12, 13 stores away from the location, he observed the accused coming out of the doorway of a store, then walking to a construction site nearby and placing something on a sand pile. The officer apprehended the accused, and upon bringing him back to the scene he noticed that the screen protecting the window in the doorway had been pried away. The officer also checked the sand pile and recovered a screwdriver. Our Supreme Court reversed the conviction for attempted burglary on the basis that:

> "there [was] nothing to indicate that [the appellant] used [the screwdriver] to bend back the screen. The record [was] devoid of any evidence connecting appellant with the screen. There was no showing that anyone saw appellant tampering with the window .... [A]lso ... there was no evidence to show that the screwdriver was the instrument which caused the bending of the screen."
> *Id.* 453 Pa. at 471, 309 A.2d at 411.

*Stanley* is inapposite to the case at hand, for here we have: 1) a radio call received by the arresting officer reporting a burglary in progress, *see Commonwealth v. Cimaszewski,*

447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. Viall*, 278 Pa.Super. 613, 420 A.2d 710 (1980); 2) an eyewitness specifically placing the appellant in the doorway in question, see *Commonwealth v. Morgan, supra; Commonwealth v. Gendrachi*, 256 Pa.Super. 68, 389 A.2d 604 (1978); and 3) the appellant being observed by the police attempting to pry open the door with a screwdriver. Consequently, the *crucial* evidence that was absent in *Stanley*, testimony placing the appellant by the screen of the store, is present instantly. See *Commonwealth v. Morgan, supra; Commonwealth v. Wilder*, 259 Pa.Super. 479, 393 A.2d 927 (1978); *Commonwealth v. Moore*, 226 Pa.Super. 32, 311 A.2d 704 (1973); *cf. Commonwealth v. Johnson*, 272 Pa.Super. 375, 415 A.2d 1246 (1979) (evidence of attempted burglary insufficient, where there was no direct evidence that the police saw appellant touch the door, use the screwdriver, or perform any motions indicating usage).

As for whether the Commonwealth presented sufficient evidence to prove that appellant intended to commit a theft after entering the building, the same result obtains. To begin with, the specific intent required to make out an attempted burglary charge may be found in appellant's words, conduct or from the attendant circumstances together with all reasonable inferences therefrom. See *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6 (1980); *Commonwealth v. Nutter*, 256 Pa.Super. 111, 389 A.2d 626 (1978).

Appellant argues that evidence of his intent to commit a theft inside the pet shop is negated "due to the nature of the building and his own behavior." (Appellant's Brief at 16A) As to appellant's first point, we have held that attempted entry into a commercial establishment after business hours allows one reasonably to infer that the accused intended to commit a theft therein. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979); *Commonwealth v. Corbin*, 251 Pa.Super. 512, 380 A.2d 897 (1977). Appellant's second point, i. e., the fact that he did not flee upon being discovered, is no more persuasive. As we stated in *Commonwealth v. Morgan, supra*, "[a]lthough evidence of flight may

be evidence of intent to commit theft, it does not follow that evidence of lack of flight is evidence that the [appellant] did not intend to commit theft." (Citations omitted) *Id.* 265 Pa.Super. at 236, 401 A.2d at 1187. Here, appellant was unaware of the presence of the police, as evidenced by his continued "prying" at the door with the officer looking over his shoulder. "In these circumstances, the [trier of fact] could find, appellant's failure to flee did not show that he was standing by the door with some lawful purpose in mind, but rather that he did not flee because he had no reasonable chance to." *Ibid.*

Based on the aforesaid, we conclude that a factfinder would of had no difficulty in determining that the appellant was attempting to enter the pet shop intending to commit a theft. Concomitantly, we find that the screwdriver found in appellant's possession, which has been held to be a common burglary tool for purposes of criminal possession of burglary tools, *Commonwealth v. Jackson,* 261 Pa.Super. 355, 396 A.2d 436 (1978); *Commonwealth v. Shannon,* 244 Pa.Super. 322, 368 A.2d 742 (1976), when taken together with the eyewitness account of his using it against the door of the business, was sufficient to sustain the conviction for possession of instruments of crime. *Commonwealth v. Jackson, supra; Commonwealth v. Shannon, supra.*

▮ Appellant next complains that trial counsel was ineffective for failing to raise in post-trial motions the inadequacy of the colloquy, conducted by the Assistant District Attorney, in which he waived his right to a trial by jury. The complained of colloquy consists in its entirety of the following:

"MR. ROSS [Assistant District Attorney]: Mr. Aczel, do you understand that you are here today to have a trial on the charges that the Commonwealth brought against you? Do you understand that?

THE DEFENDANT: Yes, sir.

MR. ROSS: Do you understand that you have a right to go to trial on these charges, that you are presumed to be innocent, and the Commonwealth must prove your guilt beyond a reasonable doubt? Do you understand that?

THE DEFENDANT: Yes.

MR. ROSS: There are two types of trials that you could have. One is a jury trial, and one is a trial by the Judge sitting without a jury.

If you chose to be tried by a jury, *you would have the right to select, with your attorney, twelve people that would sit in judgment and hear the case,* and they would all have to agree that you were guilty beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes, sir.

MR. ROSS: If you were tried by just the Judge sitting without a jury, then the Judge alone would decide whether or not you were guilty. Do you understand that?

THE DEFENDANT: Yes, sir."

(Emphasis added) (N.T. 3–4)

Appellant protests that the preceding does not comport with the standard enunciated in *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973) for the knowing and intelligent waiver of one's right to a jury trial, which are: "that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id.,* 454 Pa. at 373, 312 A.2d at 600. Appellant avers that, of the three elements considered by the *Williams* Court to be a *sine qua non* to the establishment of a valid waiver of one's right to a jury trial, "the first is absent entirely in the . . . colloquy" conducted in his case. (Appellant's Brief at 6) We disagree.

In *Commonwealth v. Fortune,* 289 Pa.Super. 278, 433 A.2d 65 (SPAETH, J., dissenting), this Court was confronted with an issue identical to the one raised by the appellant here. In *Fortune,* the accused asserted that he did not knowingly and voluntarily waive his right to a trial by jury due to the fact that in his colloquy, the court failed to explain that the jury would be chosen from members of the community—from appellant's peers. The jury waiver colloquy was as follows:

"Q. Mr. Fortune, how old are you?

A. 43.

Q. And do you read and writ and understand the English language?

A. Fairly well.

Q. Do you understand the nature of the charges against you today?

A. Some.

Q. You understand you are charged with rape, forcible rape of the young girl? Do you understand that?

A. Yes.

Q. You understand that you have a right to a trial by jury on those charges?

A. Yes.

Q. And *that you would help with your attorney as well as the District Attorney select 12 people that would sit as that jury* and all 12 of those people must be convinced beyond a reasonable doubt that you are guilty, before you could be found guilty. Do you understand that?

A. Yes, sir.

Q. Do you understand if one person of that 12 do not feel you were proven guilty beyond a reasonable doubt, you could not be found guilty by that jury?

A. Yes, sir.

Q. You also have a right to waive a trial by jury and have his Honor hear the case without a jury and his Honor must be satisfied that you are guilty beyond a reasonable doubt. How is it you wish to be tried, with a Judge with a jury, or with the Judge without a jury?

A. Without a jury.

Q. By the Judge without a jury?

A. Yes.

Q. Has anybody threatened you or forced you or promised you anything to get you to give up your right to a jury trial?

A. No, sir.

Q. Are you under the influence of any alcohol or narcotic drug at this time?

A. No, sir."

(Emphasis added) *Id.,* 289 Pa.Super. at 281–82, 433 A.2d at 66–67.

As in *Fortune,* where the trial court informed the accused that he, with the help of counsel, would "select 12 people that would sit as a jury. . . . ," the appellant in the case *sub judice* was likewise told that he "would have the right to select, with [his] attorney, twelve people that would sit in judgment and hear the case. . . . " We can discern no meaningful difference between the verbiage utilized in the two colloquies. As a result, inasmuch as the "lower court's failure to use the word 'peers' or 'chosen from the members of the community' in advising appellant of his right to a jury trial d[id] not constitute error[ ]" In *Fortune, supra,* 289 Pa.Super. at 290–91, 433 A.2d at 71, *a fortiori,* we can rule no differently in the case before us. Thus, we hold that trial counsel was not ineffective for failing to raise the issue of a defective colloquy, since the essential ingredients of a jury trial were explained to appellant in compliance with *Commonwealth v. Williams, supra.*

■ Lastly, appellant posits that his conviction for attempted burglary and possessing an instrument of crime is prohibited by 18 Pa.C.S.A. § 906, which provides:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime."

Both of the offenses for which the appellant was found guilty fall within the purview of Chapter 9, of the Crimes Code, the Chapter mentioned in Section 906, and it is apparent in reviewing the facts that both offenses were perpetrated with one objective in mind. Accordingly, appellant's conviction for attempted burglary and possessing an instrument of crime was improper. *Commonwealth v. Jackson,* 280 Pa.Super. 522, 421 A.2d 845 (1980); *see also Commonwealth v. Tingle, supra.*

■■ Given the error committed by the lower court, we have the option to either remand for resentencing, or amend the sentence, directly. *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980); *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 446 n. 6, 394 A.2d 1007, 1011 n. 6 (1978); Act of July 9, 1976, P.L. 586, No. 142, § 2, June 27, 1978; 42 Pa.C.S.A. § 706 (Purdon's 1981). As recited earlier in this opinion, the appellant was sentenced concurrently to three (3) years probation for attempted burglary and two (2) years probation for possession of an instrument of crime. Since the sentence for possession obviously did not affect the sentence for attempted burglary, we shall not remand but shall merely vacate the sentence imposed for possession of an instrument of crime as the lesser offense.[3] *Commonwealth v. Crocker*, 280 Pa.Super. 818, 421 A.2d 818 (1980).

Judgment of sentence for possession of an instrument of crime vacated. Judgment of sentence for attempted burglary affirmed.

3. Attempted burglary is a felony of the second degree, 18 Pa.C.S.A. §§ 3502 & 905, and thus exposed the appellant to a possible term of imprisonment of up to 10 years, *id.* at § 1103(2). Possession of an instrument of crime is a misdemeanor of the first degree, *id.* at § 907, carrying a possible term of imprisonment of 5 years. *Id.* at § 1104(1).