J-S16001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL WAYNE MCCORMICK | : | |
| | : | |
| Appellant | : | No. 1717 MDA 2018 |

Appeal from the PCRA Order Entered September 10, 2018
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000831-2015

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JULY 30, 2019**

Daniel Wayne McCormick appeals from the order entered in the Court of Common Pleas of Franklin County on September 10, 2018, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*[1]  In this timely appeal, McCormick claims the PCRA court erred in determining trial counsel had not been ineffective for failing to object to the initial date of criminal activity to which he pled guilty.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[1] The parties and the PCRA court all agree the PCRA petition was timely filed. Our review of the certified record confirms this.  Accordingly, we find no need to recite the well-known statutory requirements for the filing of a timely PCRA petition.  Suffice it to say that the petition was filed well within the one year from the date conviction became final time limit.  **See** 42 Pa.C.S. § 9545.

On April 24, 2017, McCormick pled guilty to a single count of corrupt organizations, a first-degree felony, and theft by deception, a third-degree felony.[2] McCormick and others stole money from a charity and took part in fraudulent returns to a store, using the money obtained to purchase heroin. He received a sentence of two to five years' incarceration and was deemed boot camp eligible. McCormick claims the dates of criminal activity underlying his charges were incorrect and this mistake led to an additional sentence imposed on him for a parole violation. McCormick argues his trial counsel was ineffective for failing to correct the starting date of his criminal activity from August 1, 2013 to June 12, 2014.

Following a hearing on McCormick's PCRA petition, the PCRA court determined: (1) he had pled guilty knowingly with the date of initial criminal activity being August 1, 2013; (2) the Commonwealth asserted the criminal activity had begun well prior to June, 12, 2014, and there was no indication the Commonwealth would have agreed to amend the bills of information; and (3) counsel had a reasonable reason for not objecting to the August 1, 2013, initial crime date. Accordingly, the PCRA court denied McCormick relief.

Our standard of review for the denial of PCRA relief is well settled.

> Upon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. **Commonwealth v. Hannibal**, 638 Pa. 336, 156 A.3d 197, 206 (2016). The findings of the PCRA court and the evidence of

---

[2] 18 Pa.C.S. §§ 911(b)(1) and 3922(a)(1), respectively.

record are viewed in a light most favorable to the prevailing party. *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 131 (2012). The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (2013). We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. [*Commonwealth v.*] *Wholaver*, 177 A.3d [136] at 144-45 [(Pa. 2018)]. Finally, this Court may affirm a valid judgment or order for any reason appearing of record. *Id.* at 145.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019).

Further, regarding a claim of ineffective assistance of counsel:

It is well established that counsel is presumed to have rendered effective assistance. *Commonwealth v. Sepulveda*, 618 Pa. 262, 55 A.3d 1108, 1117 (2012). To obtain relief on a claim challenging counsel's performance, a PCRA petitioner must satisfy the performance and prejudice test announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we apply the *Strickland* test by examining whether: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987).

*Id.*

Here, McCormick pled guilty to Corrupt Organizations, 18 Pa.C.S. § 911(b)(1), with a range of dates from August 1, 2013, to August 30, 2014.

However, now,

[McCormick] contends that he did not participate in any criminal behavior related to this charge prior to June 12, 2014 and that since his attorney at the time allowed for the mistaken admission during the plea, [McCormick] has a valid claim of ineffectiveness of counsel. [McCormick] makes this contention because the

inclusion of time prior to June 12, 2014 made him vulnerable to an increased sentence because the period of criminal behavior alleged in the information included time that [McCormick] was still on parole for a previous offense.

McCormick's Brief at 7.[3]

This claim fails for a number of reasons. First, the PCRA court accurately noted:

The information for the charge of Corrupt Organizations that [McCormick] pled guilty [to] contained the dates of August 1, 2013 through August 30, 2014. The negotiated plea agreement contained the nolle prosse of several charges in return for [McCormick's] guilty plea on one charge of Corrupt Organizations as well as a classification by the Court of "boot camp eligible" for consideration by the Pennsylvania Department of Corrections.

There is no evidence to suggest that the Commonwealth would have been amenable to a modification of the period of time contained in the information and the Commonwealth's Answer to this motion indicates that the offense began prior to June 12, 2014. The Court finds that there was a reasonable basis for the attorney not to object to the dates of the charge of Corrupt Organizations indicated in the information and [McCormick] has offered no evidence to indicate that the Commonwealth would have been amenable to amending the information because the Commonwealth had information that the offense began prior to June 12, 2014.

PCRA Court Opinion, 9/10/2018, at 8-9.

Trial counsel cannot be ineffective for failing to take a futile action. As McCormick presented no evidence the information could have been amended, he cannot now prevail.

_____

[3] Because McCormick failed to insure the notes of testimony from his guilty plea hearing were included in the certified record, we could have found this claim waived. However, given the nature of this claim, we believe we can proceed.

Further, our review of the bills of information reveal that while McCormick is correct his criminal activity associated with his fraudulent dealing at Walmart did not begin until June 12, 2014, the information clearly listed other criminal activity relevant to the charge of Corrupt Organizations, such as ATM fraud, that took place well before June, 2014. Accordingly, the PCRA court did not err in concluding there was sufficient evidence to support the guilty plea as charged.

Finally, at the PCRA hearing, plea counsel testified McCormick raised no issues with him regarding the accuracy of the dates listed in the bills of information. *See* N.T. PCRA Hearing, 5/10/2018, at 22-23.

McCormick also argued that ***Commonwealth v. Shannon***, 368 A.2d 742 (Pa. Super. 1976), gives the Courts the authority to correct the typographical error underlying the mistaken dates of his criminal activity. The PCRA court has correctly pointed out that McCormick has presented no evidence of a typographical error. Rather, all the information presented by the Commonwealth indicated McCormick engaged in criminal activity for the entire period of time as charged. Accordingly, McCormick is not entitled to have his charges amended. Our review of the certified record leads us to find the PCRA court did not err in this determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/30/2019</u>