364 A.2d 368
**COMMONWEALTH of Pennsylvania**

v.

**Charles O. JONES, Appellant.**

Superior Court of Pennsylvania.
Submitted March 8, 1976.
Decided Sept. 27, 1976.

472

474

Harvey S. Miller, Chambersburg, for appellant.

Edwin D. Strite, Jr., Asst. Dist. Atty., Chambersburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On May 30, 1974, appellant Charles O. Jones was convicted by a jury of driving while under the influence of

intoxicating liquor.[1]   On this appeal, he raises several issues, all of which are without merit.   Therefore, we will affirm the judgment of sentence of the lower court.

On January 1, 1974, Officers Sprenkle and Singer of the Waynesboro Police Department proceeded to the intersection of Alley 1 and North Potomac Street to investigate a reported accident.   There, they encountered a wrecked automobile.   A trail of blood led from the automobile to two men standing together in an alley.   As the officers approached, they noticed that one of the men (appellant) had a severely bleeding nose.   While Officer Sprenkle called for an ambulance, Officer Singer asked the men if they knew who had been driving the wrecked vehicle.   Appellant stated that he had been driving, and handed Officer Singer his license and registration card.   At that time, both Officers noticed that appellant's speech was incoherent, his mobility was impaired, and his breath smelled of alcohol.   After the ambulance conveyed appellant to the hospital, Officer Sprenkle obtained a warrant for appellant's arrest on the charge of driving while under the influence of intoxicating liquor.   The warrant was executed at the hospital.

Appellant contends that his confession obtained at the scene should not have been admitted because the Commonwealth failed to establish the corpus delicti for the crime of driving while under the influence of intoxicating liquor.   Appellant further contends that without the confession, the Commonwealth's evidence was insufficient to establish that he was operating the automobile.

■■   In order to establish the corpus delicti, the Commonwealth need only prove that "some injury or loss has occurred in a manner consistent with commission of a crime by someone." *Commonwealth v. Johnson*, 235 Pa.Super. 185, 188, 340 A.2d 515, 516 (1975).   In this case, the Commonwealth established that an automobile

1.   Act of April 29, 1959, P.L. 58, § 1037 (75 P.S. § 1037).

accident occurred. At the scene of the accident, an injured man was visibly intoxicated. Thus, the corpus delicti was unquestionably established.

■ Appellant next alleges that his confession should not have been admitted because, at the time, he had not been given the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, when appellant admitted to being the driver of the car, he was not a subject of custodial interrogation. Officers Singer and Sprenkle were merely investigating an accident. Once the possibility of criminal conduct became apparent, the officers did not question appellant again until after he had been warned.

■ Appellant also argues that the confession was the product of an illegal, warrantless arrest. However, it is clear that appellant's arrest did not take place until after a warrant was issued. Both officers testified, and the suppression hearing court found, that appellant voluntarily went to the hospital for treatment.[2]

■ Appellant contends that the lower court erred in failing to declare a mistrial when the prosecutor referred to the Commonwealth's evidence as "undisputed." Appellant contends that the comment impermissibly referred to his exercise of his fifth amendment right to refuse to testify.

Two recent cases are germane. In *Commonwealth. v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973), the Supreme Court of Pennsylvania held in accordance with the argument presented by appellant in this case. However, in that case, the prosecutor's remarks were described as

2. This problem will be obviated in cases where the arrest occurred after July 20, 1974, by the 1974 amendment to § 1204 of the Act of April 29, 1959, P.L. 58 (75 P.S. § 1204), which permits "[a] peace officer . . . upon view or upon probable cause without a warrant, [to] arrest any person violating section 1037 of this act [Driving under the influence of liquor or drugs] in cases causing or contributing to an accident."

"persistent" and "repeated." 452 Pa. at 173, 305 A.2d at 717. In *Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375 (1974), this court held that a prosecutor is not barred from saying that the state's case is uncontroverted, and that reversible error occurs only where "[s]uch comments . . . unequivocally call attention to the defendant's failure to testify." 230 Pa.Super. at 589, 327 A.2d at 389. Here, the prosecutor did not unequivocally draw attention to appellant's silence, but rather indicated that there was no evidence that appellant had not been driving the automobile. Although the lower court judge did not feel that the prosecutor's comment had imposed any duty on the defendant to come forward with evidence, he issued a cautionary instruction to the jury. Therefore, under the circumstances of this case, a mistrial was not warranted.

Appellant's final contention is that subsection 624.1 (h) of the Act of April 29, 1959, P.L. 58, § 624.1 (75 P.S. § 624.1(h)), *as amended,* violates the due process clause of the United States Constitution.

Subsection (a) of Section 624.1 provides in part:

> "Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood. . . ."

Subsection 624.1(h) provides:

> "The refusal to submit to a chemical test may be admitted into evidence as a factor to be considered in determining innocence or guilt."

Appellant, citing *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), argues that § 624.1(h) permits the jury to infer guilt, or intoxication, from the refusal to submit to the test, and that, because there is no rational connection between the proved fact (refusal

478

to submit to the test) and the inferred fact (intoxication), the statute violates due process.

There can be little doubt that the statute does permit the jury to make the inference as appellant contends. Otherwise, the evidence would have no relevance. Though this court has previously decided that the statutory inference does not violate the fifth amendment right against self-incrimination, *Commonwealth v. Robinson*, 229 Pa.Super. 131, 324 A.2d 441 (1974), we have not considered the due process question raised by appellant.

Since *Tot v. United States, supra*, the standard to which an inference must conform in order to be constitutional has been the subject of extensive judicial inquiry. In *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the United States Supreme Court interpreted *Tot, supra, United States v. Gainey*, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), and *United States v. Romano*, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965) to mean that the test for determining whether an inference is constitutional under due process is whether it can be said "with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." 395 U.S. at 36, 89 S.Ct. at 1548.

We believe that the inference challenged in the present case is able to meet the "more likely than not" standard. In *Commonwealth v. Robinson, supra*, we stated:

"Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. . . . Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test

and his consciousness of guilt. . . ." 229 Pa.Super. at 148, 324 A.2d at 450, *quoting City of Westerville v. Cunningham,* 15 Ohio St.2d 121, 122, 440 Ohio Ops.2d 119, 119–20, 239 N.E.2d 40, 41 (1968).

■ However, *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974), and *Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974), can be read to hold that in order for an inference used in a criminal prosecution to pass constitutional muster, the inferred fact must follow beyond a reasonable doubt from the proved fact. *See also Commonwealth v. Horton,* 465 Pa. 213, 348 A.2d 728 (1975). To so read those cases would necessarily mean that the "more likely than not" standard has been rejected. We believe, however, that *DiFrancesco, supra,* and *Turner, supra,* do not so hold. Those cases hold that where the *sole* evidence of guilt or an element of the offense is inferential, then the inferred fact must follow beyond a reasonable doubt from the proved facts. This necessarily follows from the burden placed on the Commonwealth to prove every element of an offense beyond a reasonable doubt. However, where there is other direct evidence of guilt or of the element of the offense, then the Commonwealth need not rely solely on inference to meet its burden. In that situation, the inference is one piece of circumstantial evidence tending to prove the ultimate fact. The focus of our inquiry then becomes, as always, whether the totality of the evidence, together with all *reasonable* inferences, is sufficient in law to prove the defendant's guilt beyond a reasonable doubt.

■ An analogy may be drawn between the inference challenged in this case and the inference of knowledge from possession of recently stolen goods. It is well established that possession of recently stolen goods, alone, is insufficient to establish beyond a reasonable doubt that the defendant knew the goods were stolen.

*Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970). However, possession of recently stolen goods, together with other circumstances, may be sufficient to prove that fact beyond a reasonable doubt. *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975); *Commonwealth v. Parsons,* 233 Pa.Super. 419, 335 A.2d 800 (1975). Therefore, the "beyond a reasonable doubt" standard is not properly applied to the inference itself, but to the totality of the Commonwealth's evidence. Where the inference comprises the totality of the Commonwealth's evidence, then, of course, it must follow beyond a reasonable doubt from the proved facts on which it is based.

In *Simmons, supra,* we stated:

"none of [the cases] holds that it is unconstitutional to infer from possession of stolen goods that the possessor knew they were stolen. Rather, the principle to be distilled from the several plurality and other opinions is that a conviction either based upon that inference alone, or reached without due regard to evidence of surrounding circumstances, cannot stand, because it is based on less than proof beyond a reasonable doubt. Such a conviction must be reversed, because proof beyond a reasonable doubt is a requirement of due process. Thus, the inference that the possessor of recently stolen goods knew they were stolen is not an 'unconstitutional' inference (it is a common misstatement of *Owens* to say that it so held) (footnote omitted); rather it is an inference that, if misused, will in certain cases lead to an unconstitutional result." 233 Pa.Super. at 556–57, 336 A.2d at 629.

The same rationale may be applied to the present case. Therefore, where the Commonwealth introduces other facts tending to prove guilt or an element of the offense, the inferred fact need not follow beyond a reasonable doubt from the proved facts if the totality of the evidence

establishes guilt or an element of the offense beyond a reasonable doubt.

In this case, the Commonwealth introduced other evidence of the appellant's intoxication. This evidence consisted of the arresting officer's testimony that appellant was incoherent and that his breath smelled of alcohol. These facts, together with the reasonable inferences deducible therefrom, were sufficient in law to allow the jury to conclude beyond a reasonable doubt that appellant was guilty.

Therefore, because the inference in this case is constitutional under the "more likely than not" standard and because the inference was constitutionally applied against appellant in this case, the judgment of sentence of the lower court is affirmed.

HOFFMAN, J., files a concurring opinion.

CERCONE and SPAETH, JJ., concur in the result.

HOFFMAN, Judge (concurring):
I agree with the Majority's disposition of the issues raised by appellant. I feel compelled to add a brief note concerning appellant's final contention that "the statutory inference or presumption of being under the influence, resulting from the refusal to take a chemical test [is] unconstitutional" because "there is no reasonable relationship between the fact that a person refuses to take a chemical test for alcohol and the fact of whether or not he is under the influence of alcohol."

The Majority finds that the inference of drunkenness follows "more likely than not" from the known fact that appellant refused to submit to the chemical test used to determine the alcohol content in the blood. In arriving at that result, the Majority discusses the implications of *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974), and *Commonwealth v. Turner*, 456 Pa. 116,

317 A.2d 298 (1974), which held that ". . . the constitutionality of a standardized inference invoked to establish an essential element of the crime charged must be judged by the reasonable doubt standard." *Commonwealth v. DiFrancesco*, supra at 196, 329 A.2d at 209. See also, *Id.* at 198, n. 6, 329 A.2d at 209, n. 6: "Mr. Justice Nix, joined by Mr. Justice Manderino, adopted this view in his opinion announcing the judgment of the Court in *Commonwealth v. Turner*, [supra] . . . .."

The Majority distinguishes the instant case and cases applying the "more likely than not" standard from *DiFrancesco* and *Turner*: ". . . *Commonwealth v. DiFrancesco*, [supra], and *Commonwealth v. Turner*, [supra], can be read to hold that in order for an inference used in a criminal prosecution to pass constitutional muster, the inferred fact must follow beyond a reasonable doubt from the proved fact. . . . To so read the cases would necessarily mean that the 'more likely than not' standard has been rejected. We believe, however, that *DiFrancesco, supra,* and *Turner, supra,* do not so hold. Those cases hold that where the *sole* evidence of guilt or an element of the offense is inferential, then the inferred fact must follow beyond a reasonable doubt from the proved facts. . . . However, where there is other direct evidence of guilt or of the element of the offense, then the Commonwealth need not rely solely on inference to meet its burden. In that situation, the inference is one piece of circumstantial evidence tending to prove the ultimate fact." (At 372).

In the instant case, the Commonwealth produced evidence which when considered along with appellant's refusal to submit to the chemical test could amount to proof beyond a reasonable doubt that appellant was guilty of driving while under the influence of intoxicating liquor. Thus, the jury was free to convict appellant if it was more likely than not that his refusal to take the chemical test led to the conclusion that appellant was drunk. In both *DiFrancesco* and *Turner*, however, the Court under-

scored the need for the lower court to clarify the legal relevance of standardized inferences in its charge to the jury.[1]

The court below charged the jury that "[t]he Legislature has also provided that if a person charged with operating under the influence of intoxicants is requested by the officer to submit himself to such a test and he refuses to take such a test, then the Legislature has said that refusal to submit to a chemical test may be a factor to be considered by the jury in determining the innocence or guilt of the defendant."

Appellant did not ask for a charge in conformity with either *DiFrancesco* and *Turner* or *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). He took an exception to the charge only on the ground that "the presumption" (more technically, if the statute is to meet constitutional muster, the inference) was "arbitrary, without sufficient reasonable basis. . . ." He did not ask the court to instruct the jury on the weight that the jury was entitled to give the inference, that the jury be satisfied that appellant was drunk beyond a reasonable doubt based on his refusal to take the chemical test or that it was more likely than not that he was drunk, based on that refusal. Nor did he object that the court's charge allowed the jury to give whatever weight it chose to the standardized inference. Therefore, the court's failure to charge on the weight properly accorded to the statutory inference is not before us. Cf. *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

---

1. See, *Commonwealth v. Turner*, supra, 456 Pa. at 123, 317 A.2d at 301: "The evidence in this case illustrates the disutility of the evidentiary device in question. . . . We are satisfied that a finding of guilt would have been justified if it were based on all of the evidence produced by the Commonwealth. Relying on the inference, the trial court erroneously, under the facts of this case, instructed the jury that they could infer guilt from the evidence of the appellant's possession alone." See also, *Commonwealth v. DiFrancesco*, supra, 458 Pa. at 199, 329 A.2d at 211: " . . . the non-compulsory nature of this inference must be brought home to the jury."