395 A.2d 933

**In the Interest of John MAYGER, a minor.**

**Appeal of John MAYGER, a minor.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided Dec. 14, 1978.

Carol A. Meehan, Assistant Public Defender, Doylestown, for appellant.

Peter F. Schenck, Assistant District Attorney, Doylestown, for appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

CERCONE, Judge:

This is an appeal from an adjudication of delinquency. The lower court inferred that appellant committed the delinquent act of receiving stolen property, based upon the fact that a set of recently stolen car keys was found in appellant's bedroom at his family home in Levittown, Bucks County. We have reviewed the record and must reverse the decision of the lower court because we do not find that the evidence presented supports the inference drawn by the lower court.

The record indicates that on August 22, 1977, the Bristol Township Police entered appellant's family home, under authority of a search warrant, to search for certain property believed to be stolen.[1] A set of car keys was found on a

1. In the opinion of the hearing judge, it is indicated that appellant was alleged to have committed a number of offenses, including burglary, criminal trespass, conspiracy and the offense charged in the instant appeal, receiving stolen property. At the hearing, appellant admitted that he participated in the burglary of a home on August 6, 1977 and he does not now appeal from the disposition of

table in appellant's bedroom. It was subsequently determined that these keys were part of an "extensive list" of items, totalling approximately $1500.00 in value, stolen by an unnamed person from a Levittown home on August 13, 1977. No other item from this "extensive list" was found in appellant's home. When questioned about the keys, appellant said that he found the keys lying on the ground near his home. Appellant told the police and the hearing judge that he was in the habit of saving keys and attaching them to a large key ring which he keeps for this purpose. Appellant admitted that he made no effort to contact the police and tell them about the keys which he had found, for there was nothing on the keys indicating who might be the owner. At the time the police searched appellant's room, appellant was staying in Wildwood, New Jersey. Based on all of this evidence, the hearing judge inferred that appellant knowingly received stolen property. The judge said that he arrived at this conclusion for two reasons: 1) the keys were found in appellant's room only nine days after they were stolen; and 2) appellant left the state before his arrest and went to Wildwood, New Jersey.

In *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), the accused was convicted of receiving stolen property on the basis of evidence which proved that he had in his possession a number of recently stolen treasury checks and no plausible explanation was offered by the accused. The Supreme Court held that in the face of this evidence, the traditional common-law inference arising from possession of recently stolen goods satisfied the reasonable doubt standard and comported with due process. The court said, "On the basis of this evidence alone common sense and experience tell us that as that petitioner must have known or been aware of the high probability that the checks were stolen." 412 U.S. at 845, 93 S.Ct. at 2363.

that charge. Appellant's sole contention in the instant appeal is that the evidence was insufficient to sustain the finding of receiving stolen property arising out of the burglary of August 13, 1977.

Regarding the inference of knowledge in receiving stolen property, our Supreme Court has reiterated the holding of *Barnes v. United States,* supra, in *Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976). There the court said that guilty knowledge may be inferred from the unexplained possession of recently stolen goods without infringing on an accused's right of due process or the right against self-incrimination. 468 Pa. at 365–366, 362 A.2d 244.[2] However, the court went on to note "that mere possession is insufficient to establish or permit an inference of guilty knowledge . . . ." 468 Pa. at 365, n. 7, 362 A.2d at 248. The *Williams* court stated that other factors, such as the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft, and the ease with which the goods can be assimilated into trade channels are important considerations. 468 Pa. at 366, n. 7, 362 A.2d 244. See also, *Commonwealth v. Bailey,* 250 Pa.Super. 402, 408, 378 A.2d 998, 1002 (1977) ("[G]uilty knowledge can be found when possession of recently stolen goods combines with other circumstances sufficient to warrant an inference of knowledge that the goods were stolen."); *Commonwealth v. Murray,* 246 Pa.Super. 422, 371 A.2d 910 (1977).

Our courts have held that standardized inferences may not be tenuously connected to the proven facts, *Commonwealth v. Horton,* 465 Pa. 213, 348 A.2d 728 (1975), that when an inference comprises the totality of the Commonwealth's evidence, the inference must follow beyond a reasonable doubt from the proved facts upon which it is based. *Commonwealth v. Jones,* 242 Pa.Super. 471, 364 A.2d 368 (1976). See also, *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974). The inference of knowledge in the instant case does not meet the beyond a reasonable doubt standard. All that was proved was that appellant had in his possession a set of keys that were part of an "extensive list" of things stolen from a house in Levittown. The fact that appellant went to Wildwood, New Jersey in August proves nothing,

2. Per Eagen, J., with 2 judges concurring, 1 judge concurring specially, and 2 judges concurring in result.

48

since it is well known that Wildwood is a popular vacation spot for people in general, at that time of the year. Furthermore, the explanation given by appellant is both reasonable and plausible. Considering the nature of the goods—small and easily lost or thrown away—the time (nine days) between the theft and appellant's possession does *not* point inescapably to an inference of guilty knowledge of their theft. We therefore conclude that the hearing judge was in error for adjudging appellant delinquent for receiving stolen property and therefore reverse the decision of the court below.

Adjudication of delinquency for possessing stolen property is hereby reversed.

LIPEZ, J., joins in this opinion.