## Commonwealth v. Roda

*Christine Fuhrman Konzel, assistant district attorney,* for the Commonwealth.
*Donald Lewis,* for defendant.

DOMITROVICH, *J.,* October 1, 1992—Before the court at this time is the defendant's summary appeal proceeding. The pertinent facts are as follows:

On February 15, 1992, the defendant, Sasha N. Roda, was a passenger in an automobile which was stopped by the Edinboro Police Department. The operator of the vehicle was arrested for driving under the influence. During the investigation, one of the arresting officers spoke with the defendant. That officer, Charles Klenk, testified that he approached the passenger side of the vehicle where defendant was seated. He observed an open can of beer at the feet of the defendant, which was "still cold." When the defendant was asked for identification, Officer Klenk noticed a very strong odor of alcohol on her breath. The officer testified that the defendant was "very unsteady on her feet," "her speech was slurred," "her eyes were

bloodshot," and she "appeared highly intoxicated." Subsequently, defendant was arrested for underage drinking.

Under section 6308 of Title 18, the Commonwealth has the burden of proving that a person under the age of 21 years attempts to purchase, or purchases, consumes, possesses, or knowingly and intentionally transports any liquor or malt brewed beverage, as defined under section 6310.6. Section 6310.6 defines liquor or alcoholic beverage as requiring a 0.5 percent of alcohol by volume. The defendant asserts that, under the recent case of *Commonwealth v. Tau Kappa Epsilon,* 530 Pa. 416, 609 A.2d 791 (1992), the Commonwealth's case fails for lack of sufficient evidence to meet the required burden of proving the 0.5 percent alcoholic content of the beverage. In that case, police were investigating an off-campus fraternity house and sent undercover investigators in, who drank the beverages served, and observed that it had the appearance and taste of alcoholic beer and observed other individuals being served at the bar. As each of those individuals that appeared to be under the age of 21 years left the building, they were stopped by other officers outside and arrested. As a result of the investigation, several minors were convicted of, or entered pleas of guilty to, underage drinking. The court, in reversing the convictions, noted that an essential element of the offense charged is that the beverage served contained 1/2 of 1 percent or more of alcohol by volume and that the Commonwealth failed to produce evidence to establish the alcoholic content of the beverage that was served to the minors.

This court finds that, in the instant case, the Commonwealth did, in fact, establish that there was alcohol in sufficient quantity to intoxicate the defendant and, there-

fore, through logical inference, did establish that the beverage did contain at least 0.5 percent alcohol by volume.

It is well settled in Pennsylvania that a defendant can be convicted of driving under the influence of alcohol based on the arresting officer's observations alone. In *Commonwealth v. Richardson,* 307 Pa. Super. 184, 452 A.2d 1379 (1982), it was held that the arresting officer's testimony as to strong odor of alcohol on the defendant's breath and the presence of empty beer bottles in the vehicle was sufficient to find the defendant guilty of driving under the influence. Similarly, in *Commonwealth v. Jones,* 242 Pa. Super. 471, 364 A.2d 368 (1976), it was held that the Commonwealth unquestionably established the corpus delicti in the prosecution for driving under the influence by showing that an accident had occurred and that the defendant was visibly intoxicated at the scene of the accident.

Unquestionably, if a defendant can be convicted of driving under the influence of alcohol based on the observations of the arresting officer, then an underaged defendant can be convicted of consuming alcohol based upon the officer's observations of intoxication. Suffice it to say, if the Commonwealth's witnesses observed the defendant as being intoxicated, the Commonwealth has established that the defendant was drinking a beverage containing at least 0.5 percent alcohol by volume.

It should be noted that this decision still stands in harmony with the *Tau Kappa Epsilon* holding. In that case, there was absolutely no indication that the defendants were visibly intoxicated, only that the defendants were observed drinking a liquid that appeared to be beer.

Wherefore, October 1, 1992, it is hereby ordered, adjudged and decreed that defendant's summary appeal is dismissed, and defendant is found guilty of violating 18 P.S. §6308. All fines and costs from the district justice are reimposed.