J-S43028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAIRA BYRD | |
| Appellant | No. 2776 EDA 2014 |

Appeal from the Order June 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0001042-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 04, 2015**

Appellant, Caira Byrd, appeals from the order entered June 13, 2014, in the Court of Common Pleas of Philadelphia County, which denied Byrd's petition for a writ of *certiorari* following her municipal court conviction of simple assault.[1]   After review, we reverse and remand with instructions.

On January 11, 2014, after a night of drinking with relatives, Byrd engaged in an argument with her fiancé, Anthony Robinson.  When the argument escalated, Robinson called the police at approximately 3:11 a.m. "to cool everything down." N.T., Preliminary Hearing, 2/10/14, at 5. After the police arrived, Robinson allegedly gave a signed statement indicating that Byrd had punched him in the mouth and then continued to hit him

_____

[1] 18 Pa.C.S.A. § 2701(a).

several times with her fist. *See id*., at 7. Byrd was subsequently arrested and charged with simple assault.

At the municipal court hearing, Robinson denied that Byrd had hit him on the night of the incident. *See id*., at 6. When confronted with his statement, Robinson acknowledged his name, age, race, sex and signature on the statement, but denied having any memory of making the allegations contained therein. *See id*., at 7. He admitted that he had had "[q]uite a lot" to drink that night and consequently had little memory of what had happened. *Id*. at 8. Although Robinson conceded that his mouth hurt the next morning, he contended that he had bit his tongue. *See id*., at 9. When the Commonwealth asked Robinson if he recognized a picture of what purported to be his swollen face, he replied, "That's me? It don't look like me." *Id*., at 10. The municipal court proceeded to enter into evidence the picture, but did not admit the statement.

At the close of the hearing, the municipal court originally ruled to hold the case under advisement for 90 days until Byrd and Robinson completed anger management counseling. *See id*., at 14-16. After Robinson and Byrd left the courtroom, the assistant district attorney returned to inform the court: "Your Honor, when I went out into the hallway, the defendant was yelling and talking loud to the complainant." *Id*., at 16. Without further discussion, the municipal court summarily found Byrd guilty of simple assault and sentenced her to eighteen months' probation.

Thereafter, Byrd filed a petition for writ of *certiorari* to the Philadelphia Court of Common Pleas. Following a hearing, the trial court denied Byrd's petition and upheld the municipal court's conviction. This timely appeal followed.

Byrd maintains that the Commonwealth presented insufficient evidence to sustain the conviction. We agree.

We review a challenge to the sufficiency of the evidence as follows.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and

speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

A person is guilty of simple assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1).

Instantly, the municipal court determined that although Robinson had adopted certain items on his prior statement, including his name, age, race, sex, date of birth and signature, he expressly disavowed the allegations in the statement itself. *See* N.T., 2/10/14, at 11. Therefore, the municipal court did not admit the statement into evidence. *See id*., at 11-12. The Commonwealth argues on appeal that the statement was, in fact, admissible. However, if the Commonwealth disagreed with the municipal court's decision to exclude the prior statement from evidence, it could have preserved this issue by demanding a *de novo* trial or seeking *certiorari* review. As it stands, the statement is not part of the record before us, and we may not consider it.

The only other substantive evidence admitted at the municipal court hearing was the photograph shown to Robinson at trial. Robinson maintained that the photograph did not look like him, claimed that the alleged bruising looked like freckles, and that the alleged swelling could have resulted from drinking alcohol on the night of the incident. *See* N.T., 2/10/14, at 10.

In the trial court's Rule 1925(a) opinion, the court explained that it found the evidence was sufficient to support Byrd's conviction based upon information police gathered on the night of the dispute, "including statements from Mr. Robinson and the fact that he was physically bruised about the face with significant swelling to both eyes." Trial Court Opinion, 11/17/14, at 4. As we have previously noted, Robinson's statement was not admitted into evidence, and therefore, the trial court could not consider the statement as substantive evidence of the assault. We further note that the record is devoid of any indication that the police determined that Robinson was physically bruised or exhibited significant swelling. Rather, this fact is only inferable from the picture of Robinson offered into evidence.

"[W]here the [s]ole evidence of guilt or an element of the offense is inferential, then the inferred fact must follow beyond a reasonable doubt from the proved facts." *Commonwealth v. Jones*, 364 A.2d 368, 372 (Pa. Super. 1976). Here, the Commonwealth was only able to prove that Robinson called 9-1-1 for assistance due to an argument with Byrd and that an argument had occurred. Without Robinson's statement, there is simply no evidence by which the trial court could have reasonably attributed the alleged swelling and bruising depicted in the picture to an assault by Byrd. There was no further testimony to establish what caused the swelling. Without more, the photograph alone simply does not prove that Byrd caused bodily injury to Robinson. *See* 18 Pa.C.S.A. § 2701(a)(1).

We find that the evidence admitted in the municipal court hearing was insufficient to support Byrd's conviction. Accordingly, we reverse the trial court's order denying Byrd's petition for writ of *certiorari* and remand with instructions to vacate Byrd's judgment of sentence for simple assault.

Based upon our finding that the evidence was insufficient to support the verdict, we need not address Byrd's remaining claim that the municipal court erroneously relied upon statements made by the assistant district attorney regarding Byrd's conduct in the hallway at the conclusion of the hearing.

Order reversed. Case remanded with instructions consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2015