419 A.2d 544

**COMMONWEALTH of Pennsylvania**

v.

**Paul LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 21, 1980.

452

454

Bruce S. Allen, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence is insufficient to sustain his convictions for burglary and conspiracy, and that he was denied effective assistance of counsel at trial. We disagree with both of these contentions and, accordingly, affirm the judgment of sentence.

On August 10, 1978, a court sitting without a jury convicted appellant of burglary, attempted theft by unlawful taking or disposition, resisting arrest, and conspiracy. After denying appellant's post–verdict motions, the court imposed sentences on all charges. This appeal followed.[1]

■ When an appellant challenges the sufficiency of the evidence supporting his conviction, we must accept as true all the evidence upon which the finder of fact could properly have reached its verdict and give the Commonwealth the benefit of all reasonable inferences arising from that evidence. *Commonwealth v. Madison*, 263 Pa.Super. 206, 209, 397 A.2d 818, 820 (1979). So viewed, the facts in this case are as follows: At approximately 12:05 a. m. on February

1. Appellant does not here challenge the sufficiency of the evidence supporting his convictions for attempted theft and resisting arrest.

11, 1978, two Philadelphia police officers on stakeout duty inside the First Congregational Church of Germantown [Philadelphia] heard noises coming from the front of the church. One of the policemen, Officer Joseph Dembeck, observed a large window being removed from the front door. Officer Dembeck then saw appellant and another man enter the vestibule of the church through the window opening. When appellant shined a flashlight through the window of the door to the church sanctuary, Officer Dembeck, who was hiding behind that door, opened it and identified himself as a police officer. Appellant and his companion then jumped back out through the front door window opening. Officer Dembeck grabbed appellant on his way out the window, but appellant broke free and tried to escape. Officer Dembeck pursued appellant through the window and finally apprehended him when appellant fell in a snow bank approximately 100 feet from the church. Appellant's companion managed to escape.

■ Appellant's challenge to the sufficiency of the evidence to convict him of burglary is directed to the intent element of that offense. The Crimes Code, in relevant part, defines the offense of burglary as follows: "A person is guilty of burglary if he enters a building . . . with intent to commit a crime therein." 18 Pa.C.S.A. § 3502(a). "Since the Crimes Code defines burglary as entry with the intent to commit a crime–any crime–the Commonwealth is not required to specify in the indictment or information what crime the accused allegedly intended to commit." *Commonwealth v. Madison, supra,* 263 Pa.Super. at 213, 397 A.2d at 822. Where, as here, however, the information specifies that the accused entered a building with the intent to commit theft, the Commonwealth is "required to prove the intent for that specific crime." *Id.* Thus, appellant contends that because the Commonwealth failed to prove beyond a reasonable doubt that he intended to commit a theft inside the church, the evidence is insufficient to sustain his conviction for burglary.

■ Appellant correctly notes that mere evidence of a defendant's presence at, or flight from, the scene of a crime is insufficient to support a conviction. *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973). It is also true, however, that the totality of circumstances may point clearly toward a defendant's guilt. *Commonwealth v. Morgan*, 265 Pa.Super. 225, 401 A.2d 1182 (1979); *Commonwealth v. Madison, supra; Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). Thus, in *Commonwealth v. Madison, supra*, 263 Pa.Super. at 216–19, 397 A.2d at 824–25, we held that the evidence was sufficient to prove attempted burglary with intent to commit theft where (1) the appellant had attempted to enter a building which was likely to contain articles of value easily accessible without the use of special tools (a house); (2) the evidence suggested that appellant had believed the building to be unoccupied, and; (3) the appellant had suddenly departed the building upon discovering that it was occupied. *See also Commonwealth v. Morgan, supra; Commonwealth v. Delmarmol*, 206 Pa.Super. 512, 214 A.2d 264 (1965). *Cf. Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977); *Commonwealth v. Freeman*, 225 Pa.Super. 396, 313 A.2d 770 (1973) (surrounding circumstances did not support inference of intent to commit theft).

■ All of the circumstances which supported our finding of sufficiency in *Madison, supra*, are present in the instant case. The building which appellant entered (a church) was highly likely to contain articles of value which could be taken without the use of special tools.[2] Moreover, the time of appellant's entry (midnight) suggests that appellant believed the church to be unoccupied. Finally, the fact that appellant fled after he discovered the police stakeout officers inside the church suggests that appellant thought the premises were unoccupied and intended theft. Indeed, we believe that the circumstances in this case give rise to an

2. Thus, the Commonwealth's failure to present evidence of burglary tools does not, as appellant suggests, seriously weaken its case.

exceedingly strong inference of an intent to commit theft. Accordingly, we hold that there is sufficient evidence to support appellant's conviction for burglary.[3]

■ Appellant next contends that the evidence is insufficient to sustain his conviction for conspiracy. In order for a defendant to be convicted of conspiracy, the Commonwealth must prove his involvement in an agreement to accomplish a criminal objective and the commission of an overt act in pursuance of the conspiracy. 18 Pa.C.S.A. § 903. In *Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977), we stated that

[a]lthough the evidence must show more than a mere association, "(a) conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of the co–conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed." *Commonwealth v. Horvath*, 187 Pa.Super. 206, 211, 144 A.2d 489, 492 (1958).

*Id.*, 249 Pa.Super. at 483, 378 A.2d at 398.

■ We conclude that the facts proved by the Commonwealth amply support the inference of a conspiratorial agreement between appellant and his companion to burglarize the church and establish beyond cavil appellant's commission of overt acts in pursuance of the conspiracy. Accordingly, we hold that appellant's challenge to his conspiracy conviction is without merit.

**3.** Appellant argues additionally that because he presented evidence suggesting that he was so intoxicated at the time of the incident that he could not have formulated the requisite criminal intent, the Commonwealth's evidence is necessarily insufficient to sustain his burglary conviction. This argument is patently without merit. Evidence of voluntary intoxication may not be used to negate the intent element of burglary. 18 Pa.C.S.A. § 308 (Supp.1979–80). Accordingly, such evidence is irrelevant in this case. Appellant argues also that because he had a back injury which would have prevented him from climbing through the church door window, the Commonwealth's evidence is insufficient to sustain his burglary conviction. Because appellant presented no evidence at trial of his alleged back injury, we find this contention also to be meritless.

■ Appellant last contends that his trial counsel was ineffective for failing to present evidence of appellant's back injury.[4]    Appellant states in his brief that approximately two years before the burglary he suffered a back injury which rendered him physically incapable of climbing through the window of the church door, as the Commonwealth has alleged.  The Commonwealth answers that the large dimensions of the window opening (3 feet by 4 feet) and the fact that the opening was only 3½ feet from the ground suggest that trial counsel intentionally and justifiably chose not to raise this matter because he "feared the loss of the defense's credibility by assert[ing] such an obviously phoney [sic] defense."

■ We need not inquire into the basis for trial counsel's failure to pursue this matter because we conclude that appellant's claim is without arguable merit.  *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). Appellant has neither shown that counsel knew of his alleged back injury at the time of trial, nor provided any details concerning the nature and extent of the injury. Under these circumstances we cannot conclude that trial counsel was ineffective for failing to pursue this matter. *See, e. g., Commonwealth v. Williams*, 271 Pa.Super. 114, 120, 412 A.2d 601, 605 (1979) (trial counsel not ineffective for failing to subpoena possible defense witness where appellant fails to show that counsel knew of such witness at time of trial or that such witness would have provided exculpatory evidence).[5]

Judgment of sentence affirmed.

4.  Appellant is represented on appeal by counsel not associated with trial counsel.  Accordingly, we may properly consider appellant's claim of ineffectiveness because he has raised the issue "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 277 n. 6, 372 A.2d 687, 695 n. 6 (1977).

5.  Appellant contends additionally that trial counsel was ineffective for failing to (1) present evidence of his intoxication at the time of the incident, and (2) question Officer Dembeck as to the whereabouts

of the flashlight which he saw appellant carry into the church. Because evidence of intoxication would have been of no help to appellant, *see* note 3, *supra*, counsel cannot be found ineffective for failing to present such evidence. *Commonwealth v. Hubbard, supra*, 472 Pa. at 278, 372 A.2d at 696 (1977). Moreover, we consider counsel's failure to question Officer Dembeck about appellant's flashlight to be a de minimis omission which cannot rationally support a finding of ineffectiveness.