441 A.2d 395

**COMMONWEALTH of Pennsylvania,**

**v.**

**Sharon BECK, Appellant.**

**COMMONWEALTH of Pennsylvania,**

**v.**

**Carl BECK, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed Feb. 5, 1982.

Claude V. Falkenhan, Zelienople, for appellants.

Robert Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

JOHNSON, Judge:

Appellants were arrested on charges of harassment,[1] a summary offense, and the district justice imposed a fine of twenty-five dollars ($25.00) on each Appellant. Appellants, pursuant to Pa.R.Crim.P., Rule 67(a), 42 Pa.C.S.A. (1981 Pamph.),[2] appealed to the court of common pleas. After a two-day nonjury trial, the judge found Appellants guilty and sentenced them to imprisonment for a period of thirty (30) days in the county prison. Appellants were escorted to the county prison; but, after a brief time, they were recalled to appear again before the trial judge. At this time, the judge vacated the sentence to allow Appellants ten (10) days to file post-trial motions, pursuant to Pa.R.Crim.P., Rule 1123(a), 42 Pa.C.S.A. (1981 Pamph.).[3]

On January 9, 1981, the judge dismissed the post-trial motions and again sentenced Appellants to imprisonment for

1. 18 Pa.C.S.A. § 2709.

2. Rule 67(a) states:
   (a) After conviction by an issuing authority in any summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred.

3. The relevant portion of Rule 1123(a) states:
   (a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

thirty (30) days. In the same order, the judge denied bail without explaining the basis for denial of bail, as Rule 4010(C) requires.[4] On January 14, 1980, the trial judge granted Carl Beck's Application for Work Release. On the same date, the Superior Court, PRICE, J., granted Appellants' Application for Release Pending Appeal because the trial judge had failed to comply with Pa.R.Crim.P. 4010(C). The instant appeals are from the judgment of sentence of January 9, 1980. For the following reasons, we affirm the finding of guilt, vacate the judgment of sentence, and remand for a resentencing hearing.

Pursuant to an order of court, Appellant, Carl Beck, was to visit his daughter, Brandy, at the residence of Brandy's mother, Kathleen Beck. On the day in question, Carl Beck and his wife, Appellant Sharon Beck, were sitting with Brandy in Beck's truck, which bore Texas license plates. When Kathleen Beck ordered Brandy to leave the truck, a commotion ensued. Testimony indicates that Sharon Beck hit both Kathleen Beck and Lawson, her fiance, with a baseball bat. Appellant Carl Beck cut Lawson's face with a knife. A neighbor, who watched the brawl after having called the police, testified concerning the details.

Appellants raise five issues. First, did Appellants receive a fair and impartial trial before a neutral and unbiased trier of fact? Second, did the trial judge consider only the charges against Appellants and only competent evidence introduced in support of those charges. Third, did the Commonwealth sustain its burden of proving beyond a reasonable doubt every element, including the element of intent, of the crime charged against Appellant? Fourth, did the trial judge afford Appellants their legal rights in formulating and imposing sentence on them? Fifth, did the trial judge's imposition of a sentence of imprisonment violate double jeopardy because the sentence constituted a harsher

---

4. Pa.R.Crim.P., Rule 4010(C), 42 Pa.C.S.A. (1981 Pamph.), states: *Findings of Fact.* Whenever the judge refuses or revokes bail under authority of this Rule, he shall state on the record his findings of fact on which his decision is based.

penalty than the fine that the district justice had imposed? We proceed to consider these issues seriatim.

■ In discussing the first issue, Appellants present many generalized claims that the trial judge was prejudiced toward Appellants. Appellants even argue that, in the judge's "private mind, at least, the proceedings against your Appellants were really for criminal contempt" (Appellants' brief at 9). Appellants do not present any specific facts to support these allegations concerning either prejudice or criminal contempt, and a careful examination of the record does not support such allegations. Thus, Appellants' first issue is devoid of merit.

■ Likewise, in discussing the second issue, Appellants fail to substantiate their general allegations that the judge both discriminated against them and denied them due process and equal protection of the law. Consequently, Appellants' second issue lacks merit.

Appellants' third issue challenges the sufficiency of the evidence, especially the evidence regarding the intent to harass. *Commonwealth v. Parker*, 494 Pa. 186, 431 A.2d 216 (1981), explains the standard to be applied by an appellate court in determining whether or not the evidence was sufficient to support a verdict:

> To evaluate the sufficiency of evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981).

494 Pa. at 198, 431 A.2d at 217.

In the instant case, the evidence revealed that Appellant Sharon Beck, holding a baseball bat, pursued Kathleen Beck and struck Kathleen with the bat. The record also reveals that Appellant Carl Beck had his arms around Lawson's chest. Lawson struggled to free himself, but both men fell

over the porch rail. Also, Carl Beck cut Lawson's face with a knife.

■ The relevant portion of 18 Pa.C.S.A. § 2709 defines harassment:

> A person commits a summary offense, when, with intent to harass, annoy or alarm another person:
>> (1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same[.]

Since the evidence in the instant case clearly proves that both Appellants subjected the victims to some form of physical contact, we need only to consider whether or not the evidence proves beyond a reasonable doubt the intent to harass.

Intent may be inferred from the totality of the circumstances. *Commonwealth v. Lewis*, 276 Pa.Super.Ct. 451, 456, 419 A.2d 544, 547 (1980). Although Appellants in the instant case argue that they acted in self-defense, the evidence reveals otherwise. Sharon Beck's pursuit, and subsequent striking, of Kathleen Beck with a baseball bat was not an act of self-defense since Kathleen was moving in a direction away from Sharon. The evidence also reveals that Lawson tried to back away from Sharon Beck's act of clicking her fingers in his face and pushing him when Sharon slapped Lawson, who slapped her in return. Subsequently, Carl Beck cut Lawson's face with a pen knife. When Lawson freed himself from Carl Beck, Beck again caught Lawson and proceeded to wrestle with him. Since Carl Beck assaulted Lawson twice, when neither assault was preceded by a threat to Beck by Lawson, the evidence does not support a claim of self-defense by Beck. Thus the evidence supports a finding that Appellants acted with the intent to harass. *See Commonwealth v. Lewis, id.,* 276 Pa.Super. at 456–457, 419 A.2d at 547.

■ In reviewing Appellants' fourth issue, we find that the trial judge did not comply with either Pa.R.Crim.P. 4010(C), concerning denial of bail, or Pa.R.Crim.P. 1405(b),

which requires the trial judge to state on the record his reasons for imposition of the sentence. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Accordingly, we vacate the judgment of sentence and remand for resentencing. *Id.,* 474 Pa. at 137, 377 A.2d at 151.

Appellants admit that the fifth issue may be decided by *Commonwealth v. Possinger,* 264 Pa.Super.Ct. 332, 399 A.2d 1077 (1979). *Possinger* held that the imposition of a harsher sentence in a trial de novo in the court of common pleas, following a trial in municipal court, did not constitute double jeopardy. *Id.,* 264 Pa.Super. at 344–345, 399 A.2d at 1083.

Appellants attempt to distinguish the instant case from *Possinger* by alleging that their trial de novo was not a new trial but was tainted by the judge's vindictiveness. Since our discussion of the first issue found this allegation to be void of merit, we cannot distinguish the instant case from *Possinger.*

For the foregoing reasons, we affirm the finding of guilt, vacate the judgment of sentence, and remand for resentencing. Bail is to continue according to the order of this court of January 14, 1980.

The case was decided prior to the expiration of SHERTZ, J.'s, commission of office.