J-A28026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL CLEMENT | |
| Appellant | No. 217 EDA 2015 |

Appeal from the Judgment of Sentence December 12, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003347-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 05, 2016**

Appellant, Daniel Clement, appeals from the judgment of sentence entered December 12, 2014, in the Court of Common Pleas of Delaware County.  We affirm.

We take the underlying history of this matter from the trial court's opinion.

> On December 27, 2013, [the victim, Clement's great-grandfather,] was surprised to find money missing from his hidden safe at his Maris Grove apartment.  Multiple family members testified to not knowing about [the victim's] safe.  Yet, [Clement's] fingerprints were found on envelopes in [the victim's] safe.  [Clement] claimed the fingerprints were there lawfully when he helped the victim move from a home in New Jersey to Maris Grove; however, among seven family members, only [Clement's] father and brother vaguely remember seeing similar envelopes during the move.  Neither one saw [Clement] ever touch an envelope.
>
> After the victim's money had been stolen from his safe, he left his keys and a few coins in his safe.  On December 31, 2013,

the coins were unlawfully moved from the victim's safe to his bathroom counter, and [Clement] was the only one who used [the victim's] bathroom. The victim did not move the coins and [Clement] shut the victim's bedroom door before using his bathroom. The victim's bathroom connected to the victim's bedroom.

Trial Court Opinion, 4/24/15 at 2.

Clement was arrested and charged with theft by unlawful taking – moveable property and attempted theft by unlawful taking – moveable property.[1] Following a bench trial, Clement was convicted of both charges and sentenced to three years of probation and ordered to pay $25,000 in restitution. This timely appeal followed.

Clement raises the following issues for our review.

1. Was the evidence sufficient to support appellant's conviction for theft, where numerous people had access to the safe from which the money was allegedly stolen during the timeframe in which the alleged theft may have occurred and people's fingerprints were on other items in the safe?

2. Was the evidence sufficient to support appellant's conviction for attempted theft of coins, where the coins in question were left in the victim's apartment and there is no evidence appellant ever tried to take them?

3. Did the lower court abuse its discretion in allowing appellant's former girlfriend to testify that he stole $20 from her on a trip, where that testimony of uncharged alleged criminal activity served only to suggest that appellant had a propensity to steal?

Appellant's Brief, at 3.

_____

[1] 18 Pa.C.S.A. §§ 3921(a) and 901(a).

Clement's first two claims on appeal challenge the sufficiency of the evidence to support his convictions.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

A person commits the crime of theft by unlawful taking – moveable property if he "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A.

3921(a). A person is guilty of criminal attempt "when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. 901(a).

Clement's remaining claim challenges the admissibility of evidence. We note that "the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (internal citations omitted). In reviewing a court's decision to permit evidence of alleged prior bad acts, we note that it is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See* Pa.R.E. 404(b); *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted).

We have reviewed Clement's issues raised on appeal, along with the briefs of the parties, the certified record, and the applicable law. Having determined that the Honorable George A. Pagano's April 24, 2015 opinion ably and comprehensively disposes of Clement's issues raised on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion. *See* Trial Court Opinion, 4/24/15 at 2-4,

- 4 -

7 (finding: 1) evidence was sufficient to support theft conviction where, *inter alia*, Clement's "innocent explanation" for his fingerprints on the envelopes from which the money was stolen was incredible and there was no otherwise lawful reason why the safe was opened; 2) Clement's movement of coins from the safe to the victim's bathroom was a substantial step toward the commission of theft; and 3) the trial court, sitting as finder of fact, is presumed to disregard prejudicial evidence such that admission of alleged prior bad acts testimony did not constitute an abuse of discretion).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF            :            **NO. CP-23-CR-0003347-2014**

                           :

PENNSYLVANIA                 :

                           :

           v.                :

                           :

DANIEL CLEMENT              :

Sheldon Kovach, Esquire, Attorney for the Commonwealth
Regina M. Oberholzer, Esquire, Attorney for the Appellant

## <u>OPINION</u>

PAGANO, J.                                                     April 24, 2015

On October 10, 2014, after a day bench trial, defendant was convicted of theft by unlawful taking and criminal attempt to theft by unlawful taking. The Defendant has filed a timely appeal from the Trial Court's Order and Sentence of December 12, 2014.

On appeal, defendant has argued:

1. The evidence was insufficient to support defendant's conviction for theft by unlawful taking of money because people could have accessed the safe where the money was taken and "other people's fingerprints were on items inside the safe."

2. The evidence was insufficient to support defendant's conviction for attempt to theft by unlawful taking of coins because the coins did not leave the victim's apartment and "there is no evidence defendant or anyone else ever[] tried to take them."

3. The trial court abused its discretion in allowing the defendant's uncle to testify about defendant's employment history because the uncle's testimony was hearsay.

4. The trial court abused its discretion in allowing multiple witnesses to testify to defendant's alleged drug use and arrest on drug charges because the "testimony was hearsay and prejudicial evidence of other bad acts or crimes."

5. The trial court abused its discretion in allowing defendant's ex-girlfriend to testify about the defendant stealing twenty dollars from her during a vacation trip because the testimony was to show that the defendant had a "propensity to steal" based on "uncharged alleged criminal activity."

1

## BACKGROUND

On December 27, 2013, Mr. Kegel was surprised to find money missing from his hidden safe at his Maris Grove apartment. [N.T. 10/10/2014, pp. 23-24]. Multiple family members testified to not knowing about Kegel's safe. *Id.* at 17, 66, 102-03, 198, 202, 210. Yet, the defendant's fingerprints were found on envelopes in Kegel's safe. *Id.* at 159-60. The defendant claimed the fingerprints were there lawfully when he helped the victim move from a home in New Jersey to Maris Grove; however, among seven family members, only the defendant's father and brother vaguely remember seeing similar envelopes during the move. *Id.* at 16-17, 36, 75, 166, 196-97, 201-02, 210. Neither one saw the defendant ever touch an envelope. *Id.* at 202.

After the victim's money had been stolen from his safe, he left his key and a few coins in his safe. *Id.* at 198-99. On December 31, 2013, the coins were unlawfully moved from the victim's safe to his bathroom counter, and the defendant was the only one who used Kegel's bathroom. *Id.* at 29. The victim did not move the coins and the defendant shut the victim's bedroom door before using his bathroom. *Id.* at 28-29. The victim's bathroom connected to the victim's bedroom. *Id.* at 27-28.

## DISCUSSION OF DEFENDANT'S APPEAL

**I. There was sufficient evidence to find theft and attempt because the fact-finder is allowed to disbelieve the defendant's innocent explanation for the theft, and defendant's movement of another's property was a substantial step that satisfied an attempt.**

Defendant's appeal of his conviction of theft by unlawful taking movable property and criminal attempt to theft by unlawful taking movable property should be denied.

Proving the sufficiency of the evidence at trial is a question of law. *Com. v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013) (*quoting Com. v. Kendricks*, 30 A.3d 499, 508 (Pa. Super. 2011)). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* The evidence will not be found sufficient when it contradicts physical facts, or conflicts with human experience and natural laws. *Id.* "Guilt does not have to be established to a mathematical certainty." *Com v. Von Aczel*, 441 A.2d 750, 752 (Pa. Super. 1981) (*citing Com. v. Lewis*, 419 A.2d 544 (1980)). Yet, "mere conjecture or surmise is not enough." *Id.* (*citing Com. v. Lovette*, 413 A.2d 390 (1979)).

In determining whether the evidence is sufficient, the reviewing court must "view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Toritto*, 67 A.3d at 33. The trial evidence does not need to "preclude every possibility of innocence" and can be established by circumstantial evidence. *Id.* (*quoting Com. v. Stokes*, 38 A.3d 846, 853 (Pa. Super. 2011)).

Importantly, the reviewing court cannot act as a second fact-finder and reweigh the evidence. *Com. v. Ratsamy*, 934 A.2d 1233, 1236 (Pa. 2007). The fact-finder is "free to believe all, part, or

2

none of the evidence presented." *Com. v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*quoting Com. v. Ratsamy*, 934 A.2d 1233, 1236 (Pa. 2007)). The reviewing court may only substitute its judgment for the fact-finder's judgment if the evidence "is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Toritto*, 67 A.3d at 33.

### A. Because the fact-finder is free to disbelieve a defendant's "innocent explanation" for how defendant's fingerprints were found on the safe's envelopes, the fact-finder had sufficient evidence to find theft.

The fact-finder was presented with sufficient evidence to find that the Commonwealth had proven beyond a reasonable doubt theft by unlawful taking of movable property. One is guilty of theft by unlawful taking of movable property when he "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. §3921(a). "Property of another" is defined as "property in which any person other than the actor has an interest which the actor is not privileged to infringe." 18 Pa.C.S.A. §3901. "Movable property" is defined as property whose "location of which can be changed, including things . . . found in land." *Id.* "Deprive" is defined as "[t]o withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value." *Id.* These elements raise the questions of what was taken, why it was taken, and whether any permission was given or if there was a lawful reason the items were taken. *Com. v. Deeters*, 386 A.2d 1034, 1035 (Pa. Super. 1978). Here, money was taken, Daniel Clement needed the money, Clement was not given permission to take money from his great grandfather's safe, and Clement's fingerprints were on envelops in the safe.

Absent an "innocent explanation" for one's fingerprints on an item, the Superior Court has held fingerprints to be sufficient evidence by themselves. *Com. v. Donohue*, 62 A.3d 1033, 1036-37 (Pa. Super. 2013). Likewise, the fact-finder's "credibility determination" on an innocent explanation is binding on the Superior Court. *Com. v. Sloan*, 67 A.3d 808, 816 (Pa. Super. 2013). The fact-finder's determination will be especially deferred to when the fingerprint evidence is supported by circumstantial evidence such as, when the fingerprint is "not in a public place," or is "not in a readily accessible place." *Com. v. Hunter*, 338 A.2d 623, 625 (Pa. Super 1975).

The fact-finder was free to disbelieve Daniel Clement's innocent explanation, as Clement was placed at the scene, which removed any "mere suspicion or conjecture" concern. *See In re M.J.H.*, 988 A.2d 694, 699 (Pa. Super. 2010) (suspect could not be placed at the scene close-in-time to the crime). Clement was placed at the scene twice, was moving about suspiciously, money was stolen, Clement was always asking for money, the safe was not known or accessible, and Clement had no explanation why he was at the scene so long. *Id.* at 23, 133-34, 203-05, 211. Furthermore, there is corroborating evidence of Clement's guilt, as his fingerprints were inside the safe and there was no lawful reason why the safe was opened. *Donohue*, 62 A.3d at 1034, 1037 (court placed substantial weight on a lack of explanation how an unopened soda bottle became opened after the burglary).

3

**B. Because the defendant took a substantial step in moving another's coins and going in another's private bedroom, the fact-finder was presented with sufficient evidence to find attempted theft.**

Clement's movement of Kegel's coins by way of Kegel's bathroom was sufficient to prove attempt because the movement of the coins was a substantial step. Criminal attempt is defined as a person who "with intent to commit a specific crime [here, theft] . . . does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901. A substantial step can occur even if the item *is not removed* from its owner's possession. *Com. v. Lewis*, 438 A.2d 985, 986 (Pa. Super. 1981) (defendant was arrested and convicted when he only moved a watch one inch on a sleeping man's arm). A substantial step occurred when Daniel Clement took Kegel's coins and moved them to Kegel's bathroom.

Clement's access of Kegel's private bedroom is also a substantial step. Gaining access to a private area is sufficient evidence of a substantial step. *Com. v. Farmer*, 368 A.2d 748, 752 (Pa. Super. 1976) (gaining entrance into car was a substantial step and did not require proof that there was actually something to steal in the car). Here, even if there was nothing to steal in the safe, Clement's closing of Kegel's bedroom door and proceeding from the bathroom to the bedroom would constitute a substantial step. Because Daniel was in a private area, his movement of the coins was a second substantial step. *See, e.g., Com. v. Butch*, 361 A.2d 380, 382 (Pa. Super. 1976) (first substantial step was being on private property late at night and it was enough to infer intent to steal). Additionally, Kegel's testimony that Daniel was the sole person to use his bathroom distinguishes this case from cases where no substantial step was found. *Com. v. Clark*, 735 A.2d 1248, 1253 (Pa. 1999) (caller who reported suspicious behavior did not give any facts that "suggest[ed]" the suspects were attempting to take anything).

**II.    This court did not abuse its discretion in allowing testimony of defendant's employment history, alleged use of drugs and arrest on drug charges, and testimony that defendant had stolen money before.**

Evidence admissibility is a "matter addressed to the sound discretion of the trial court." *Com. v. Claypool*, 495 A.2d 176, 178 (Pa. 1985). The appellate court must find that the trial court abused its discretion in order to reverse the trial court's decision. *Com. v. LaCava*, 666 A.2d 221, 227 (Pa. 1995) (*citing Com. v. Claypool*, 495 A.2d 176, 178 (Pa. 1985)). "'An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.'" *Com v. Dent*, 837 A.2d 571, 577 (Pa. Super. 2003) (*citing Com. v. Cameron*, 780 A.2d 688, 692 (Pa. Super. 2001)). There was no abuse of discretion here.

Trial judges, as finders-of-fact, are presumed not to consider inadmissible evidence. *Com. v. Davis*, 421 A.2d 179, 183 (Pa. 1980) ("The evidence now objected to thus was not a factor in determining appellant's guilt."); *see also Com. v. Burke*, 49 A.3d 542, 545 n.3 (Pa. Commw. 2012) (*citing Com. v. Davis*, 421 A.2d 179 (1980)) (disregarding appellant's argument that the judge improperly considered evidence as finder-of-fact). Furthermore, trial judges acting

4

as finders-of-fact in criminal trials are presumed to ignore prejudicial evidence. *Com. v. Glover*, 405 A.2d 945, 947 (Pa. 1979) ("the case was ultimately tried by the court, which must be presumed to be able to disregard inflammatory evidence"); *Com. v. Green*, 347 A.2d 682, 683 (Pa. 1975) (disagreeing with appellant that "mere exposure to prejudicial evidence is enough to nullify a judge's verdict in a case"); *see also Dent*, 837 A.2d at 582 (noting the concern for jury members hearing certain prejudicial evidence is not present for a trial judge sitting as finder-of-fact).

**A. This court did not abuse its discretion in allowing defendant's uncle to testify about defendant's employment history because the first comments provided no hearsay statements and defense counsel opened the door for the second.**

### 1. Transcript Objection 1

While defense counsel raised a hearsay objection to Mark Clement commenting on Daniel Clement's employment history, the prosecution noted that the statements were not hearsay because Mark Clement had personal knowledge and Mark Clement's answer was not offered for the truth of the matter asserted, and. [N.T. 10/10/2013, p. 73-74]. Ultimately, Mark Clement did not know where Daniel Clement was working during December 2013. *Id.* at 73-74. The trial court did not abuse its discretion on hearsay grounds because Mark Clement did not provide any statement that was hearsay because he did not know. Further, the court is presumed to ignore prejudicial evidence. *Glover*, 405 A.2d at 947.

### 2. Transcript Objection 2

There was a second objection by defense counsel on re-direct to Mark Clement stating that he "had heard" Daniel Clement was asked to leave his position at Swarthmore College. [N.T. 10/10/2013, p. 90]. The prosecutor replied that the defendant had "opened the door about [Daniel Clement's] prior employment" on cross examination. *Id.* Defense counsel had previously opened the door by asking Mark Clement on cross examination about Daniel Clement's employment history; Mark Clement's answer included Daniel Clement's employment with Swarthmore College. *Id.* at 82-83. Thus, the trial court did not abuse its discretion on hearsay grounds because defense counsel had opened the door himself.

**B. This court did not abuse its discretion in allowing multiple witnesses to testify about defendant's drug use and drug charges because either no objections were made on the basis of hearsay or prejudice, or the defense attorney elicited the testimony himself.**

### 1. Transcript Objection 1[1]

After discussing Steven Clement, Mark Clement was asked about Daniel Clement's "habits." *Id.* at 95. Mark Clement stated that he "was shocked to find out that [Daniel Clement] was doing pills." *Id.* at 96. Defense counsel objected solely on "[a]sked and answered" grounds and did not object on hearsay or prejudicial grounds. *Id.* at 95-96. Because defense counsel simply objected on asked and answered grounds, the court certainly operated within its discretion in overruling the objection. Likewise, the court overruled correctly because the prior questions had not been about Daniel, but Steven Clement. *Id.* at 94-95.

### 2. Transcript Objection 2

In questioning Police Officer Sanzick on cross-examination, defense counsel asked if the officer filed charges against Steven Clement because of one fingerprint. *Id.* at 178. In answering, the officer stated that his filing was also based on Steven and Daniel Clement being arrested for "drug charges." *Id.* After eliciting the response, defense counsel sought to strike the officer's answer. *Id.* at 178-79. The trial court did not abuse its discretion on hearsay or prejudicial grounds because defense counsel brought in the witness' reply on his own. The defense counsel asked the court to strike it, but because it was already out of the witness' mouth, the judge could not abuse his discretion by "allowing" the statement.

### 3. Transcript Objection 3

During re-cross examination of William Clement, Daniel's father, the prosecutor asked whether William Clement was "aware" that Daniel Clement had "another arrest pending." *Id.* at 206. William Clement admitted that he had. *Id.* at 207. Defense counsel objected, but gave no reason for his objection. *Id.* The trial court did not abuse its discretion on hearsay or prejudicial grounds because there was no objection for hearsay or prejudice.

Defense counsel did raise a relevance justification to counter the prosecution's noting that defense counsel had "brought out" the issue of sale of pills and arrest earlier during the trial. *Id.* at 207. However, defense had previously opened the door on this issue. *See Id.* at 94-96, 178-179. Therefore, the trial court was within its discretion to allow the questioning. *Com. v. Ramtahal*, 33 A.3d 602, 610 (Pa. 2011) (noting that "open[ing] the door" could counter a hearsay objection).

---

[1] While Ms. Oberholzer, in her Notice of Appeal, referenced transcript page 6 as the first instance where an abuse of discretion occurred in reference to drug testimony, presumably pages 95-96 were intended, as page 6 does not have any testimony about drug use.

6

**C. This court did not abuse its discretion in allowing defendant's ex-girlfriend to testify to defendant stealing money from her because it went to defendant's motive.**

On direct, the prosecution asked Daniel's ex-girlfriend about him stealing twenty dollars from her. *Id.* at 132. Defense counsel objected. *Id.* The prosecutor noted that the information was "in her statement," but defense counsel argued the information was a "prior bad act," which only went to "propensity" of Daniel Clement "to do certain things." *Id.* Defense counsel argued it was "not relevant to whether on a certain date, time, location that money was stolen from Pop Kegel's safe." *Id.* Prosecutor responded that it went to "motive" and Clement "having financial difficulties that certainly extended past the date of the theft." *Id.*

The trial court did not abuse its discretion in allowing the ex-girlfriend's testimony because motive is an allowed form of "propensity" evidence. Pa.R.E. Rule 404(b)(2). While the "potential for prejudice" must be weighed by a court for a jury trial, the trial court was the finder of fact here, and judges are presumed to ignore prejudicial evidence. Pa.R.E. Rule 404 *advisory committee's comment*; *Glover*, 405 A.2d at 947.

CONCLUSION

For the foregoing reasons, this Court finds that this appeal is without basis and merit. This Court respectfully recommends that the judgment of sentence be affirmed.

BY THE COURT:

_____
GEORGE A. PAGANO     J.

7